IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:23-cv-02212-RDM |
| v. | ) ) ) |
| GEORGETOWN UNIVERSITY, *et al.*, | ) ) |
| Defendants. | ) ) ) ) |

## ANSWER

Defendant Georgetown University ("Georgetown" or the "University")[1] answers Plaintiff Candace van der Stelt's Complaint (Doc. 1) as follows.

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the University generally denies each and every material allegation in the Complaint, including those in the introductory paragraphs of the Complaint, that is not otherwise specifically admitted herein.

### JURISDICTION AND VENUE[2]

1–2.     Admitted.

---

[1] The Complaint erroneously names as a defendant "Georgetown University Medical Center, Biomedical Graduate Education," ("BGE") which is not a legal entity capable of being sued. Rather, Georgetown University is the legal entity authorized to sue and be sued. Thus, the "University" or "Georgetown" as used herein refers to Georgetown University as the appropriate legal entity.

[2] For organizational purposes, the University utilizes the same section headings as those used by Plaintiff in her Complaint. These headings should not be construed as any admissions by the University, and to the extent Plaintiff's headings are deemed factual in nature, they are denied throughout.

3. Admitted in part and denied in part. The University admits only that the Plaintiff and the University entered into a tolling agreement on April 25, 2023. The University specifically denies that it agreed with Plaintiff to toll the statute of limitations for 90 days; the tolling agreement was terminated by the University on June 12, 2023.

4–6. Admitted.

## PARTIES

7. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies them.

8. Admitted.

9. Admitted in part.  The University admits only that the BGE is located at 3900 Reservoir Road NW, Washington, DC  20057.

10. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies them.

11. Admitted in part.  The University admits only that the University is an educational institution that receives federal funding from various sources, and denies the remaining allegations in Paragraph 11 of the Complaint.

12–14. Admitted.

15. Admitted in part.  The University admits only that, at all times noted in the Complaint, Peter Turkeltaub, M.D., Ph.D. has been an employee of the University. The University denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Admitted in part. The University admits only that Ms. van der Stelt began employment with the University in July 2018, and was employed by the University until her resignation on June 30, 2021. The University denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Admitted in part. The University admits only that Ms. van der Stelt began a Ph.D. program within the University in or around July 2021. The University further admits that it receives federal financial assistance. The University denies the remaining allegations set forth in paragraph 17 of the Complaint.

## FACTS

18. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies them.

19. Admitted.

20. Admitted in part. The University admits only that Dr. Turkeltaub is an Associate Professor, the Director of the Cognitive Recovery Lab, and the Medical Director for the Center for Aphasia Research and Rehabilitation. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies them.

21–22. Admitted.

23–25. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 23–25 of the Complaint and, therefore, denies them.

26. To the extent the allegations in Paragraph 26 seek to reference, paraphrase, or characterize the contents of a document written by Dr. Turkeltaub, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint and, therefore, denies them.

27. Admitted in part. The University admits only that Ms. van der Stelt was employed by the University until the start of her Ph.D. program in July 2021. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint, and therefore, denies them.

28. Admitted.

29. To the extent the allegations in Paragraph 29 seek to reference, paraphrase, or characterize the contents of a document written by Anna Greenwald, Ph.D., the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, denies them.

30. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and, therefore, denies them.

31. To the extent the allegations in Paragraph 31 seek to reference, paraphrase, or characterize the contents of a document written by Dr. Turkeltaub, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, denies them.

32. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and, therefore, denies them.

33. Admitted in part. The University admits only that Sachi Paul began employment in Dr. Turkeltaub's lab in or around the summer of 2020. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies them.

34. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and, therefore, denies them.

35–46. To the extent the allegations in Paragraphs 35–46 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt, Dr. Turkeltaub, and/or Ms. Paul, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of

the remaining allegations set forth in Paragraphs 35–46 of the Complaint and, therefore, denies them.

      47–48.      The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 47–48 of the Complaint and, therefore, denies them.

      49–54.      To the extent the allegations in Paragraphs 49–54 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt, Dr. Turkeltaub, and/or Ms. Paul, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 49–54 of the Complaint and, therefore, denies them.

      55–58.      The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 55–58 of the Complaint and, therefore, denies them.

      59.      To the extent the allegations in Paragraph 59 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt, Dr. Turkeltaub, and/or Ms. Paul, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and, therefore, denies them.

60–69. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 60–69 of the Complaint and, therefore, denies them.

70–72. To the extent the allegations in Paragraphs 70–72 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt, Dr. Turkeltaub, and/or Ms. Paul, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 70–72 of the Complaint and, therefore, denies them.

73–78. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 73–78 of the Complaint and, therefore, denies them.

79–80. To the extent the allegations in Paragraphs 79–80 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt, Dr. Turkeltaub, and/or Ms. Paul, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 79–80 and, therefore, denies them.

81. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint and, therefore, denies them.

82–86. To the extent the allegations in Paragraphs 82–86 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt and Dr. Turkeltaub, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 82–86 of the Complaint and, therefore, denies them.

87–91. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 87–91 of the Complaint and, therefore, denies them.

92. To the extent the allegations in Paragraph 92 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt and Dr. Turkeltaub, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 92 of the Complaint and, therefore, denies them.

93. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint and, therefore, denies them.

94–95. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 94–95 of the Complaint and, therefore, denies them.

96. Admitted in part. The University admits only that Ms. Snider did not file a Title IX complaint regarding Dr. Turkeltaub in June 2022, and denies the remaining allegations in Paragraph 96.

97. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint and, therefore, denies them.

98. To the extent the allegations in Paragraph 98 seek to reference, paraphrase, or characterize the contents of written communications between Ms. van der Stelt and Ms. Galginaitis, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 98 of the Complaint and, therefore, denies them.

99–101. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 99–101 of the Complaint and, therefore, denies them.

102. To the extent the allegations in Paragraph 102 seek to reference, paraphrase, or characterize the contents of a written communication between Ms. van der Stelt and Dr. Turkeltaub, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 102 of the Complaint and, therefore, denies them.

103–104. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 103–104 of the Complaint and, therefore, denies them.

105. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 105 of the Complaint and, therefore, denies them. Further, to the extent such allegations refer to confidential reports by students of the University, such information is protected by the Family Educations Rights and Privacy Act ("FERPA"), and these allegations are therefore denied.

106. To the extent the allegations in Paragraph 106 seek to reference, paraphrase, or characterize the contents of a written communication between Ms. van der Stelt and Maria Snyder, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University admits only that Plaintiff emailed the University's Deputy Title IX Coordinator to ask for information about the Title IX process on August 23, 2022, and, therefore, denies the allegation that Ms. van der Stelt emailed the University's Deputy Title IX Coordinator on August 22, 2022.

107. Admitted in part. The University admits only that Plaintiff met with the University's Title IX Coordinator and Director of Title IX Compliance on or about September 16, 2022. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 107 of the Complaint and, therefore, denies them.

108–110. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 108–110 of the Complaint and, therefore, denies them.

111. Admitted in part and denied in part. The University admits only that Ms. Berner contacted Plaintiff about serving as a witness in an ongoing Title IX matter. The remaining allegations in Paragraph 111 are protected by FERPA and, therefore, denied.

112. To the extent the allegations in Paragraph 112 seek to reference, paraphrase, or characterize the contents of a written communication between Samantha Berner and Ms. van der Stelt, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University denies the remaining allegations in Paragraph 112.

113–117. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 113–117 of the Complaint and, therefore, denies them.

118. To the extent the allegations in Paragraph 118 seek to reference, paraphrase, or characterize the contents of a written communication between Ms. van der Stelt and Dr. Turkeltaub, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the Complaint and, therefore, denies them.

119. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint and, therefore, denies them.

120. To the extent the allegations in Paragraph 120 seek to reference, paraphrase, or characterize the contents of a written communication between Ms. van der Stelt and Dr. Greenwald, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The University lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 120 of the Complaint and, therefore, denies them.

121. Denied.

122. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint and, therefore, denies them.

123. Denied.

124–125. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 124–125 of the Complaint and, therefore, denies them.

126. Denied.

127. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Complaint and, therefore, denies them.

128. To the extent the allegations in Paragraph 128 seek to reference, paraphrase, or characterize the contents of Ms. van der Stelt's written Title IX complaint and a written communication between Ms. van der Stelt, Ms. Berner, and Dr. Snyder, the documents speak for themselves and the University denies the allegations to the extent they are inconsistent with those documents. The allegations in Paragraph 128 of the Complaint are otherwise denied.

129. To the extent the allegations in Paragraph 129 seek to reference, paraphrase, or characterize the contents of a written communication between Ms. van der Stelt and Dr. Snyder, the document speaks for itself and the University denies the allegations to the extent they are inconsistent with that document. The allegations in Paragraph 129 of the Complaint are otherwise denied.

130. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 130 of the Complaint and, therefore, denies them.

131–132. Denied.

133. Admitted in part. The University admits only that Dr. Turkeltaub changed roles from Associate Professor to Professor in or around March 2023, and denies the remaining allegations in Paragraph 133 of the Complaint.

134. Denied.

135–137. The University lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 135–137 of the Complaint and, therefore, denies them.

138.     Denied.

## COUNT I: HARASSMENT BASED ON SEX IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681 AGAINST DEFENDANTS GEORGETOWN UNIVERSITY AND GEORGETOWN UNIVERSITY MEDICAL CENTER, BIOMEDICAL GRADUATE EDUCATION

139.     In response to the allegations set forth in Paragraph 139 of the Complaint, the University incorporates its responses to Paragraphs 1–138 by reference.

140–141.     Admitted.

142–152.     Denied.

## COUNT II: HARASSMENT BASED ON SEX (BY EDUCATIONAL INSTITUTION) IN VIOLATION OF THE DCHRA, D.C. CODE § 2-1402.41 AGAINST ALL DEFENDANTS

153.     In response to the allegations set forth in Paragraph 153 of the Complaint, the University incorporates its responses to Paragraphs 1–152 by reference.

154–155.     Admitted.

156.     Admitted in part. The University admits only that it is an educational institution as defined under the DCHRA, and denies the remaining allegations in Paragraph 156 of the Complaint.

157–170.     Denied.

## COUNT III: HARASSMENT BASED ON SEX (BY EMPLOYER) IN VIOLATION OF THE DCHRA, D.C. CODE § 2-1402.11 AGAINST ALL DEFENDANTS

171.     In response to the allegations set forth in Paragraph 171 of the Complaint, the University incorporates its responses to Paragraphs 1–170 by reference.

172–173.     Admitted.

174–187.     Denied.

**COUNT IV: RETALIATION IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681(a) AGAINST DEFENDANTS GEORGETOWN UNIVERSITY AND GEORGETOWN UNIVERSITY MEDICAL CENTER, BIOMEDICAL GRADUATE EDUCATION**

188.  In response to the allegations set forth in Paragraph 188 of the Complaint, the University incorporates its responses to Paragraphs 1–187 by reference.

189.  Admitted.

190.  Admitted in part.  The University admits only that reporting violations of Title IX to University faculty and staff and the Title IX office comprises protected activity, and denies the remaining allegations in Paragraph 190 of the Complaint.

191–194.  Denied.

**COUNT V: RETALIATION (BY EMPLOYER) IN VIOLATION OF THE DCHRA, D.C. CODE § 2-1402.61 AGAINST ALL DEFENDANTS**

195.  In response to the allegations set forth in Paragraph 195 of the Complaint, the University incorporates its responses to Paragraphs 1–194 by reference.

196.  Admitted.

197–205.  Denied.

**COUNT VI: RETALIATION (BY EDUCATIONAL INSTITUTION) IN VIOLATION OF THE DCHRA, D.C. CODE § 2-1402.61 AGAINST ALL DEFENDANTS**

206.  In response to the allegations set forth in Paragraph 206 of the Complaint, the University incorporates its responses to Paragraphs 1–205 by reference.

207.  Admitted.

208. Admitted in part. The University admits only that it is an educational institution as defined under the DCHRA, and denies the remaining allegations in Paragraph 208 of the Complaint.

209–215. Denied.

## PRAYER FOR RELIEF

The University denies that Plaintiff is entitled to any relief or damages and specifically denies the allegations of the "Prayer for Relief" clause contained in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer to Plaintiff's Complaint, the University incorporates the above paragraphs as though fully set forth at length herein and further asserts the following affirmative and other defenses. The University expressly reserves its right to assert additional defenses that may become relevant during the course of this case.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by collateral estoppel and/or res judicata

3. Plaintiff's claims, in whole or in part, may be barred by the doctrine of laches, estoppel, waiver, in pari delicto, and/or unclean hands.

4. Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to satisfy the jurisdictional and/or administrative prerequisites to her claims.

5. Plaintiff's employment with the University was at-will and could be terminated at any time, by either party, with our without cause.

6. Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitations.

7. The University did not subject Plaintiff to any adverse employment action on account of any protected characteristic.

8. The University did not engage in any unlawful or wrongful conduct with respect to Plaintiff, is not liable to Plaintiff in any manner or under any theory, and Plaintiff is not entitled to any relief or damages.

9. The University's treatment of Plaintiff was in good faith, and the University did not engage in any conduct toward Plaintiff with malice or reckless indifference to her federally protected rights, and, accordingly, punitive damages are not available to Plaintiff.

10. The University acted in good faith at all times relevant to this Action and did not engage in any discrimination, retaliation, or other unlawful or otherwise wrongful conduct.

11. The University acted reasonably and in good faith at all times with regard to the decisions at issue in the Complaint.

12. The University complied at all times with its written policies and procedures and the law.

13. The University was not deliberately indifferent to any alleged unlawful sexual conduct or harassment.

14. The University did not retaliate against Plaintiff.

15. Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act by the University, upon information and belief, Plaintiff failed to reasonably mitigate her damages.

16. Plaintiff's harm, if any, was caused by her own actions.

17. Plaintiff is not entitled to the relief requested in the Complaint.

18. Upon information and belief, Plaintiff's claims may be barred or limited under the doctrine of after-acquired evidence.

19. The University reserves the right to assert additional defenses if any become evident through discovery or investigation.

## **PRAYER FOR RELIEF**

The University prays that:

1. Plaintiff takes nothing by way of the Complaint;

2. Judgment be entered in favor of the University and against Plaintiff;

3. The Complaint herein be dismissed in its entirety and with prejudice;

4. Defendant be awarded its cost of suit herein;

5. Defendant be awarded reasonable attorneys' fees as determined by the Court pursuant to the law; and

6. For such other and further relief as the Court deems just and proper.

Dated: December 18, 2023                              **SAUL EWING LLP**

*/s/ Henry Platt*
Henry Platt (D.C. Bar No. 425994)
1919 Pennsylvania Avenue NW, Suite 550
Washington DC 20006
(202) 342-3447 – Telephone
(202) 337-6065 - Telefax
henry.platt@saul.com

Joshua W.B. Richards (Bar No. 1002821)
1500 Market Street
38th Floor, West Tower
Philadelphia, PA 19102
(215) 972-7737 – Telephone
(215) 972-7725 - Telefax
joshua.richards@saul.com

*Attorneys for Defendant
Georgetown University*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **ANSWER** was served via the Court's e-filing system on this 18th day of December, 2023, on Plaintiff's and Defendant Peter Turkeltaub's attorneys of record:

| | |
|---|---|
| Gary M. Gilbert<br>**Gilbert Employment Law, P.C.**<br>110 Wayne Ave., Ste. 900<br>Silver Spring, MD  20910<br>(301) 608-0880<br>gary-efile@gelawyer.com<br><br>*Attorneys for Plaintiff*<br>*Candace van der Stelt* | Ann M. Olivarius<br>**McCallister Olivarius**<br>641 Lexington Ave., 13th Floor<br>New York, NY  10022<br>(212) 433-3456<br>aolivarius@mcolaw.com<br><br>*Attorneys for Defendant*<br>*Peter Turkeltaub* |

**SAUL EWING LLP**

/s/ *Henry Platt*

Henry Platt (D.C. Bar No. 425994)
1919 Pennsylvania Avenue NW, Suite 550
Washington DC 20006
(202) 342-3447 – Telephone
(202) 337-6065  - Telefax
henry.platt@saul.com

Joshua W.B. Richards (Bar No. 1002821)
1500 Market Street
38th Floor, West Tower
Philadelphia, PA 19102
(215) 972-7737 – Telephone
(215) 972-7725 - Telefax
joshua.richards@saul.com

*Attorneys for Defendant*
*Georgetown University*