IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 23:cv-02212-RDM |
| GEORGETOWN UNIVERSITY, ) and PETER TURKELTAUB ) | |
| Defendants. ) | |
| PETER TURKELTAUB, ) | |
| Counter-Plaintiff ) | |
| v. ) | |
| CANDACE VAN DER STELT, ) | |
| Counter-Defendant ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF LEAVE TO SUPPLEMENT COMPLAINT**

Gary M. Gilbert, Esq. (Bar No. MD15808)
Elizabeth A. Wilson, Esq. (Bar No. 491007)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Gary-efile@gelawyer.com
ewilson@gelawyer.com

*Counsel for Plaintiff*

Plaintiff and Counter-Defendant Candace van der Stelt ("Plaintiff"), by and through undersigned and pursuant to Fed R. Civ. P. 15(d), submits the following in support of Plaintiff's

1

Motion for Leave to Supplement Complaint. Plaintiff respectfully requests the Court grant Plaintiff leave to supplement her Complaint to add additional acts of retaliation that relate to facts arising in her original Complaint but that occurred after the filing of her original Complaint.

## I. BACKGROUND[1]

On or around December 13, 2023, Plaintiff filed a formal internal complaint with Georgetown's Title IX office. Dkt. 1 at 37 (Complaint ("Compl.") ¶ 128). On July 31, 2023, Plaintiff filed the instant civil action against Georgetown University and Dr. Peter Turkeltaub to seek redress for willful violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.* ("DCHRA"). *See generally* Dkt. 1 at 1, 39–50 (Compl. ¶¶ 139-215). Shortly thereafter, Plaintiff transferred to the University of Pittsburgh and began a Ph.D. program in the Fall of 2023. *Id.* at 38 (Compl. ¶ 135). On November 17, 2023, Defendant Georgetown University notified Plaintiff that it intended to conduct a hearing into her internal Title IX complaint on December 13, 14, and 15, 2023. On November 28, 2023, Ms. van der Stelt notified Defendant Georgetown University that the scheduled hearing dates conflicted with her exams and requested to reschedule the hearing. On November 29, 2023, Defendant Georgetown University declined to reschedule the hearing.

In response to Plaintiff's civil action, Defendant Turkeltaub filed an Answer and Counterclaim on February 1, 2024, alleging that Plaintiff defamed him and portrayed him in a false light when she discussed the sexual harassment she experienced and her claims that he had sexually harassed her. *See generally* Dkt. 13 at 56-69 (Turkeltaub Answer & Counterclaim ¶¶ 128-191).

---

[1] The facts giving rise to Plaintiff's claims of harassment and retaliation are detailed in her Complaint. Dkt. 1. Thus, Plaintiff sets forth only those facts relevant to her supplemental claims in the instant memorandum.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), the Court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Landmark Health Sols., LLC v. Not for Profit Hosp. Corp.*, 950 F. Supp. 2d 130, 135 (D.D.C. 2013) (quoting *Fund for Animals v. Hall*, 246 F.R.D. 53, 54 (D.D.C. 2007) (authorizing a party to "serve a supplemental pleading setting forth events which have happened since the date of the original complaint"). Specifically, supplementing a complaint is appropriate where there are "new facts that update the original pleading or provide the basis for additional relief." Fed. R. Civ. P. 15(d); *see also Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)("Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; to include new parties where subsequent events have made it necessary to do so"); *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017) (quoting *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015) (same); *cf. Griffin v. County Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) (explaining that supplemental complaints are "well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice").

"Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard."[2] *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23

---

[2] The primary difference is that motions to amend "'relate to matters that occurred *prior* to the filing' of the pleading to be amended, whereas supplements 'set[] forth transactions or occurrences or events which have happened *since*' that pleading." *Powell v. IRS*, No. 18-2675

3

(D.D.C. 2008). Accordingly, the rule that a "court should freely give leave [to amend] when justice so requires" also applies to leave for supplementing a complaint. Fed. R. Civ. P. 15(a)(2). Although the circumstances under which supplements may relate back to the original pleadings have not been codified, "courts often simply apply the principles of 15(c) to supplemental pleadings." *Hicks*, 283 F.3d at 385.

It is an abuse of discretion by the court to deny leave to amend unless there is a "sufficiently compelling reason" to do so, such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Fund for Animals*, 246 F.R.D. at 55 (internal citations omitted) (granting leave for motion to supplement "in the interests of judicial economy and convenience[,]" where the supplemental complaint "raises similar legal issues to those already before the court").

**III. ARGUMENT**

Permitting Plaintiff to supplement her Complaint to include facts related to additional acts of retaliation is appropriate here because the new facts are directly related to, and intertwined with, the facts alleged in the initial Complaint; no party will be prejudiced by the filing of the supplemental pleading; and scarce judicial resources will be conserved by allowing the claims to proceed together. These are exactly the circumstances contemplated by Rule 15(d) and for which Rule 15(d) provides the appropriate process for addressing efficiently.

The supplemental facts at issue here involve the same legal issue (retaliation) and the same Defendants as Plaintiff's original Complaint; stem from the same protected activity, and involve

---

(JEB), 2019 U.S. Dist. LEXIS 168077, at *5 (D.D.C. Sept. 30, 2019) (quoting *Hall v. Cent. Intelligence Agency*, F.3d 94, 100 (D.C. Cir. 2006) (emphasis in original).

4

the same set of operative facts, the same witnesses, and the same type of relief. In similar circumstances, courts have made clear that supplementation is appropriate. In *Fund for Animals,* the court granted a request to supplement a complaint with claims that were "not materially different than those already before the court." 246 F.R.D. at 55. Similarly, in *Lance v. Georgetown Univ.*, the court allowed Plaintiff to supplement his complaint because "the supplemental allegations appear to at least relate to grievances that the plaintiff has against the defendant and involve some of the same persons referred to in the original Complaint." No. 18-380 (RBW), 2019 U.S. Dist. LEXIS 250268, at *5 (D.D.C. Mar. 6, 2019).

Supplementing the complaint is proper as it will not prejudice any party. Plaintiff is seeking to file the supplemental pleading at a "relatively early state" of the case. Discovery has not commenced, and no discovery schedule has been set. *Adair v. England*, 193 F. Supp. 2d 196, 201 (D.D.C. 2002) (allowing a supplemental complaint "at a relatively early stage" of the case). To the contrary, permitting Plaintiff to supplement the Complaint would benefit all parties and the Court. Should Plaintiff be required to separately litigate the related, new acts of retaliation, the parties and the Court would expend unnecessary resources on duplicative efforts in a second case. *See Fund for Animals,* 246 F.R.D. at 55 (finding supplementation appropriate where it would "avert[] a separate, redundant lawsuit" concerning "similar legal issues"). If Plaintiff must litigate the new facts and claims separately, the parties would need to engage in duplicative discovery involving similar, or identical, underlying facts, and the same witnesses, a burdensome exercise that would only increase costs. Furthermore, supplementation would avoid duplicative hearings in which each party would present similar evidence and witnesses in support of their claims and/or defenses. Accordingly, permitting Plaintiff to supplement her complaint will conserve both the parties' and judicial resources.

## IV. CONCLUSION

Pursuant to Rule 15(d) and because supplementing her Complaint with new acts of retaliation that occurred after the original filing will promote judicial economy and will not prejudice either party, Plaintiff respectfully requests that this Court find for the Plaintiff and grant her motion to supplement her Complaint with the attached proposed supplemental Complaint.

Dated: August 12, 2024                                              Respectfully submitted,

/s/ *Elizabeth A. Wilson*
Gary M. Gilbert, Esq. (Bar No. MD15808)
Elizabeth A. Wilson, Esq. (Bar No. 491007)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Gary-efile@gelawyer.com
ewilson@gelawyer.com

*Counsel for Plaintiff*