UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGETOWN UNIVERSITY and<br>PETER TURKELTAUB,<br><br>    Defendants.<br>_____<br><br>PETER TURKELTAUB,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>CANDACE VAN DER STELT,<br><br>    Counter-Defendant. | Civil Action No. 23:cv-02212-RDM<br><br>Hon. Loren L. AliKhan |

**DEFENDANT TURKELTAUB'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Defendant and Counter-Plaintiff, Peter Turkeltaub ("Defendant" or "Turkeltaub"), by and through his undersigned counsel, submits Defendant's Opposition to Plaintiff's Opposed Motion for Leave to Supplement her Complaint pursuant to Fed. R. Civ. P. 15(d). (ECF No. 25.)

**I.   INTRODUCTION**

More than a year after bringing this action, Plaintiff and Counter-Defendant Candace van der Stelt ("van der Stelt") now seeks leave to supplement her Complaint with two frivolous retaliation claims against Turkeltaub under the D.C. Human Rights Act ("DCHRA") solely because he responded to her baseless allegations with a counterclaim for defamation and false light.[1] However, as shown below, it is well-settled in this District and others, that as a matter of law, the filing of a counterclaim cannot state a colorable claim for retaliation. Because van der

---

[1] In her motion, van der Stelt also seeks leave to add facts and claims directed at Defendant Georgetown University. (ECF No. 25.) While Turkeltaub joins Georgetown in opposing those claims, he limits his opposition herein to those facts and claims directed only at him.

Stelt's proposed Supplemental Complaint states no claims against Turkeltaub that can survive a motion to dismiss, her motion should be denied as futile.

## II. RELEVANT BACKGROUND

Van der Stelt was a lab manager for Turkeltaub's lab at Georgetown University ("Georgetown") from around July 2018 until she resigned from her position on May 30, 2021, to pursue her PhD.  (ECF No. 13 at ¶¶ 19, 68.)  On March 28, 2023, van der Stelt filed a complaint against Turkeltaub with Georgetown's Office of Institutional Diversity, Equity and Affirmation Action ("IDEAA"), prompting Georgetown to initiate an internal Title IX investigation into Turkeltaub's alleged actions—an investigation in which Turkeltaub was exonerated of any inappropriate conduct towards van der Stelt.  (ECF No. 13 at ¶ 118.)

On July 31, 2023, van der Stelt filed a Complaint in this action against Georgetown and Turkeltaub alleging sexual harassment in violation of Title IX and the DCHRA.  (ECF No. 1.)  Georgetown filed its answer to the Complaint on December 18, 2023, (ECF No. 12) and on February 1, 2024, Turkeltaub responded to van der Stelt's Complaint with an Answer and Counterclaim for defamation and false light based on her knowingly false allegations against him. (ECF No. 13).  Now, six months after Turkeltaub's Counterclaim, van der Stelt has moved to supplement her Complaint, contending that the Counterclaim Turkeltaub filed in this matter pursuant Fed. R. Civ. P. 13 was an act of retaliation giving rise to two new legal claims under the DCHRA.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  *Judge Rotenberg Educ. Ctr., Inc. Plaintiffs v. United States Food*, No. 1:17-cv-02092-BAH, 2022 U.S. Dist. LEXIS 209145, at *3 (D.D.C. Nov. 1, 2022) (internal quotation omitted).  A Rule 15(d) motion should be granted only "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience and will not prejudice the rights of any of the other parties to the action."  *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (internal quotation omitted).

Rule 15(d) motions are "subject to the same standard" as Rule 15(a) motions to amend. *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). However, unlike Rule 15(a) motions, under which courts "should" freely grant leave to amend, "the plain text of Rule 15(d) . . . permits a court to grant leave to supplement but imposes no standard requiring a court to do so." *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79 (D.D.C. 2018). "The decision to grant leave under Rule 15(d) is discretionary." *James Madison Project v. DOJ*, 208 F. Supp. 3d 265, 277 (D.D.C. 2016).

Accordingly, van der Stelt's motion should be denied upon a showing of "(1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; [or] (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)). Importantly here, "'both motions for leave to amend and motions to supplement should be denied where amendment (or supplementation) would be futile,' i.e. if the proposed claim would not survive a motion to dismiss." *Clean Water Action*, 315 F. Supp. 3d at 79 (quoting *Sai v. DHS*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015)).

## IV.   ARGUMENT

Van der Stelt's motion to supplement should be denied because the new factual allegations she relies upon, taken as true, do not support colorable claims for retaliation under the DCHRA and are therefore facially futile. *Wildearth*, 592 F. Supp. 2d at 28 (denying a motion to supplement as futile when the claim would not survive a motion to dismiss.)

To make out the *prima facie* employment and educational retaliation claims van der Stelt advances in Counts VII and VIII of her Supplemental Complaint, she must demonstrate that: (1) she engaged in a protected activity; (2) Turkeltaub took a materially adverse action; and (3) there is a causal link between the protected activity and the adverse action. *Jones v. District of Columbia*, 314 F. Supp. 3d 36, 55 (D.D.C. 2018); *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 84 (D.D.C. 2003). Accepting that the various reports of sexual harassment alleged in van der Stelt's Supplemental Complaint constitute protected activities, *see* ECF No. 26 at ¶ 225, her retaliation claims nevertheless fail because she has made no new allegations, taken as true, that raise even a plausible inference that Turkeltaub took any material adverse action against her within the meaning of the DCHRA.

In the context of retaliation claims, a materially adverse action is one that "would have 'dissuaded a reasonable worker [or student] from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 638 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). When a defendant's actions fail to rise to the level of material adverse actions, a plaintiff's retaliation claims are not actionable, *Bowe-Connor v. Sinseki*, 923 F. Supp. 2d 1, 8 (D.D.C. 2013), rendering a motion to supplement futile.

In her proposed Supplemental Complaint, van der Stelt alleges with respect to her new claims against Turkeltaub only that he "filed an Answer and Counterclaim against Ms. van der Stelt" alleging that she defamed him and portrayed him in a false light because "she made statements, and raised concerns, that he sexually harassed her." (ECF No. 26 at ¶¶ 142, 227, 234, 236.) Van der Stelt does not allege in her Supplemental Complaint that Turkeltaub's Counterclaim would dissuade a reasonable person from making or supporting a charge of discrimination or otherwise constitutes a material adverse action against her. Nor could she.

In *Gross v. Akin, Gump, Strauss, Hauer, & Feld LLP*, 599 F. Supp. 2d 23 (D.D.C. 2009), the plaintiff alleged, in relevant part, that the defendant filed counterclaims for breach of fiduciary duty and tortious interference with prospective economic advantage in retaliation for filing claims of age discrimination. *Id.* at 32-33. After recognizing the *prima facie* elements of a retaliation claim and crediting the plaintiff's assertion that filing a federal discrimination lawsuit constitutes a protected activity, the court concluded that the filing of a counterclaim cannot constitute an adverse action to support a retaliation claim. *Id.* at 33.

"The D.C. Circuit has never found that the filing of a counterclaim constitutes an adverse employment action." *Id*. Because a counterclaim necessarily follows a plaintiff's decision to make or oppose a charge of discrimination, "filing a counterclaim will not chill plaintiffs from exercising and enforcing their statutory rights because by the time the employer files its counterclaim, plaintiffs have already made their charges and initiated a lawsuit." *Id.* at 34. As such, van der Stelt cannot make out a claim for retaliation against Turkeltaub, and her motion to supplement should be denied as futile.

**V.      CONCLUSION**

For the foregoing reasons and for those advanced by Defendant Georgetown University, Turkeltaub respectfully requests that the Court deny van der Stelt's motion to supplement her complaint.

Dated: September 19, 2024

                                          Respectfully submitted,

                                          */s/ Ann Olivarius*
                                          Ann Olivarius (Bar No. 429231)
                                          McAllister Olivarius
                                          641 Lexington Avenue
                                          13th Floor
                                          New York, NY 10022
                                          Tel: (212) 433-3456
                                          aolivarius@mcolaw.com

                                          *Counsel for Defendant Peter Turkeltaub*