**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CANDACE VAN DER STELT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:23-cv-02212-LLA |
| v. | ) ) ) | |
| GEORGETOWN UNIVERSITY, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT GEORGETOWN UNIVERSITY'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT</u>**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**INTRODUCTION** ...................................................................................................................... 1

**RELEVANT BACKGROUND** ................................................................................................. 3

**STANDARD OF REVIEW** ....................................................................................................... 6

**ARGUMENT** .............................................................................................................................. 7

    I.    THE COURT SHOULD DENY THE MOTION BECAUSE SUPPLEMENTATION IS FUTILE. THE VERY COMMUNICATIONS PLAINTIFF REFERENCES IN HER PROPOSED SUPPLEMENTAL COMPLAINT UNEQUIVOCALLY ESTABLISH THE FALSITY OF HER CLAIM, AND SHE IS ESTOPPED FROM ASSERTING THE HARM SHE ALLEGES. ........................................................................................ 7

    II.   THE COURT SHOULD DENY THE MOTION BECAUSE OF PLAINTIFF'S DILATORY CONDUCT. ............................................................................................. 10

**CONCLUSION** ........................................................................................................................ 12

**CERTIFICATE OF SERVICE** ................................................................................................ 13

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Atchinson v. District of Columbia*,
   73 F.3d 418 (D.C. Cir. 1996) ............................................................................................... 7

*Banneker Ventures, LLC v. Graham*,
   798 F.3d 1119 (D.C. Cir. 2015) ............................................................................................ 2

*Banner Health v. Burwell*,
   55 F. Supp. 3d 1 (D.D.C. 2014) ........................................................................................... 7

*Britamco Underwriters, Inc. v. Nishi, Papagjika & Assocs., Inc.*,
   20 F. Supp. 2d 73 (D.D.C. 1998) ....................................................................................... 10

*Cause of Action Inst. v. DOJ*,
   282 F. Supp. 3d 66 (D.D.C. 2017) ....................................................................................... 7

*Competitive Enter. Inst. v. McCarthy*,
   No. CV 21- 1238 (CKK), 2021 WL 9937858 (D.D.C. Oct. 7, 2021) ................................... 7

*Conrad v. Pisner*,
   79 A.2d 780 (D.C. 1951) ................................................................................................... 10

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ............................................................................................ 2

*Harris v. Hall's Motor Transit Co.*,
   No. 243- 69, 1969 WL 10912 (D.C. Gen. Sess. Dec. 22, 1969) ........................................ 10

*Howell v. Gray*,
   843 F. Supp. 2d 49 (D.D.C. 2012) ....................................................................................... 7

*James Madison Project v. Dep't of Just.*,
   208 F. Supp. 3d 265 (D.D.C. 2016) ................................................................................... 11

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991) ................................................................................................ 2

*Said v. Nat'l R.R. Passenger Corp.*,
   183 F. Supp. 3d 71 (D.D.C. 2016), *aff'd*, 815 F. App'x 561 (D.C. Cir. 2020) ................. 2, 9

*Shaffer v. Berger*,
   81 A.2d 469 (D.C. 1951) ................................................................................................... 10

*Thorp v. D.C.*,
   325 F.R.D. 510 (D.D.C. 2018) ............................................................................................6, 7

*U.S. Labor Party v. Oremus*,
   619 F.2d 683 (7th Cir. 1980) ................................................................................................12

*United States v. Hicks*,
   283 F.3d 380 (D.C. Cir. 2002) ................................................................................................6

*Wildearth Guardians v. Kempthorne*,
   592 F. Supp. 2d 18 (D.D.C. 2008) ..........................................................................................9

*Williams v. Savage*,
   569 F. Supp. 2d 99 (D.D.C. 2008) .................................................................................11, 12

### STATUTES AND RULES

20 U.S.C. §§ 1681, *et seq*. ...............................................................................................................3

Fed. R. Civ. P. 15 .........................................................................................................2, 6, 7, 11

D.C. Code §§ 2-1401.01, *et seq*. ....................................................................................................3

### OTHER AUTHORITIES

Black's Law Dictionary 538 (6th ed. 1990) ..................................................................................10

Defendant Georgetown University ("Georgetown" or the "University") submits this Opposition to Plaintiff Candace van der Stelt's ("Plaintiff") Opposed Motion for Leave to Supplement Complaint ("Motion") (ECF No. 25).

## **INTRODUCTION**

Over nine months after the alleged occurrence of the events forming the basis of her request for supplementation, and eight months after the University answered the original Complaint (ECF No. 12), Plaintiff now seeks leave to supplement her Complaint with new, objectively untrue allegations. With respect to the University,[1] Plaintiff seeks to add claims that "she has been subjected to ongoing retaliation [since the filing of the Complaint] . . . stemming from . . . [the University's] . . . refus[al] to schedule a Title IX hearing in regard to Plaintiff's Title IX claims on a date on which Plaintiff was available to attend[.]" ECF No. 25 at p. 1. Plaintiff avers that this alleged "retaliation" occurred "on or around November 29, 2023." *See* ECF No. 25-4, Redlined Proposed Supplemental Complaint, at ¶ 141

The Motion should be denied because Plaintiff's proposed supplementation would be completely futile, as the allegation that the University "refused to reschedule the date of the hearing on her Title IX complaint to a date when she was available and forced her to choose between attending the hearing and taking her exams," ECF No. 25-4 at ¶ 196, is unequivocally and objectively false. Indeed, even a cursory review of the communications referenced and relied upon by Plaintiff in the Proposed Supplemental Complaint[2] squarely establishes that the University did

---

[1] In her Motion, Plaintiff also seeks to add allegations related to the filing of Defendant Peter Turkeltaub's defamation counterclaim – over six months ago. *See* ECF No. 25 at pp. 1-2 ("Defendant Turkeltaub retaliated against Plaintiff by filing a counterclaim."). As those blatantly improper (and untimely) allegations pertain only to Defendant Turkeltaub, the University does not address them herein.

[2] It is well-settled that "[t]he Court can consider [extraneous documents referenced in a proposed amended pleading] in resolving [a] plaintiff's motion to amend her complaint because

1

in fact offer to accommodate Plaintiff's final exam schedule on December 4, 2023, and, again, on December 7, 2023. *See* Declaration of Samantha Berner ("Berner Decl."), Exhibit A at pp. 1-2 (E-mails from S. Berner to C. van der Stelt Dated December 4-7, 2023) ("With regard to your request to reschedule the hearing due to your final exam schedule . . . we will make adjustments to the hearing, if possible."). If that were not enough, Plaintiff conveniently omits that, in response to the University's offers, Plaintiff voluntarily opted to "formally withdraw [her] Title IX complaint with the [] University" on December 11, 2023, *id*., thereby mooting the entire issue.

In fact, several weeks *prior* to the scheduling of the hearing, on November 9, 2023, Plaintiff had notified the University's Office of Institutional Diversity, Equity & Affirmative Action ("IDEAA Office") that the entire Title IX proceeding was "moot" in light of the fact that she had already filed the instant lawsuit. Berner Decl., Exhibit B at p. 1 ("the matter is now moot because Plaintiff has filed a civil action in the United Stated District Court for the District of Columbia and is pursuing her claims in that forum"). Therefore, Plaintiff is estopped from asserting any harm in this action from this alleged "retaliation," rendering her proposed supplementation futile.

Plaintiff could have amended her original Complaint to add these allegations as a matter of right within 21 days after the University filed its Answer on December 18, 2023. *See* Fed. R. Civ.

---

they [are] incorporated by reference into the plaintiff's complaint." *Said v. Nat'l R.R. Passenger Corp.*, 183 F. Supp. 3d 71, n. 9 (D.D.C. 2016), *aff'd*, 815 F. App'x 561 (D.C. Cir. 2020) (considering collective bargaining agreement referenced in proposed amended pleading and appended to briefing on plaintiff's motion to amend complaint in resolving the same) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." (footnote omitted)); *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (observing that "[i]ncorporation by reference can also amplify pleadings where the document is not attached by the plaintiff, but is referred to in the complaint and integral to the plaintiff's claim") (cleaned up) (internal citations and quotations omitted)); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (incorporating documents alleged to contain misrepresentations forming basis of plaintiff's claim).

P. 15(a)(1)(B). Instead, Plaintiff elected to take no action for nine months – with no explanation for the delay. Notwithstanding the significant passage of time, and with a ruling on Plaintiff's Motion to Dismiss Turkeltaub's Counterclaims and a discovery schedule forthcoming, Plaintiff now seeks to start the pleading process anew, apparently with the intent of forestalling her day of reckoning as long as she can.

This matter has been ongoing for over one year in this Court alone. Permitting Plaintiff's late supplementation would only prejudice the University by unnecessarily further delaying resolution of this case, thereby rewarding Plaintiff's dilatory conduct. Like Defendant Turkeltaub, the reputation of the University itself has been damaged by Plaintiff's ongoing spurious allegations, and the University would like to defend itself from this attack as quickly as possible.

Against this backdrop, the proposed supplementation is plainly futile given the objective falsity of the new allegations set forth therein. Accordingly, the Court should reject Plaintiff's inexcusable delay and misguided attempt to force the University to defend itself against additional meritless allegations, and deny the Motion.

## **RELEVANT BACKGROUND**

In December of 2022, Plaintiff, a former Georgetown employee and graduate student working in Defendant Turkeltaub's lab, filed a formal complaint of discrimination with the IDEAA Office, alleging sexual harassment and retaliation. *See generally* ECF No. 1, Compl. at ¶ 128. On July 31, 2023, before the University was able to conclude its investigation of her claims, Plaintiff filed the above-captioned action against the University and Defendant Turkeltaub in this Court, alleging various claims for harassment and retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq*. ("Title IX") and the D.C. Human Rights Act, D.C. Code §§ 2-1401.01, *et seq*. ("DCHRA"). *Id*. at ¶¶ 139-215. Shortly thereafter, Plaintiff

transferred to the University of Pittsburgh ("Pitt"), where she began a Ph.D. program in the Fall of 2023. *Id*. at ¶ 135.

By e-mail dated October 31, 2023, Samantha Berner, "Georgetown's Title IX Coordinator and Director of Title IX Compliance within Georgetown's [IDEAA Office]," *id*. at ¶107, informed Plaintiff that the final investigative report regarding her Title IX case was available for her review, that she had the right to submit a written response to the investigative report within ten calendar days, and that a formal Title IX hearing would be scheduled. *See* Berner Decl., Exh. A at pp. 7-8.[3] Plaintiff responded by e-mail dated November 9, 2023, stating simply: "Please accept the attached letter from my advisor, dated November 9, 2023, as my response. I hereby incorporate the contents of my advisor's attached letter as my response." *Id.* at p. 7. That "incorporate[d]" letter, signed by her current counsel, stated: "**Please be advised that this matter is now moot because Ms. van der Stelt has filed a civil action in the United Stated District Court for the District of Columbia and is pursuing her claims in that forum**." Berner Decl., Exh. B (emphasis added).

On November 15, 2023, Ms. Berner responded to Plaintiff's e-mail and letter, seeking "to clarify whether [Plaintiff was] requesting to withdraw [her] formal complaint." Berner Decl., Exh. A at p. 6. On November 17, 2023, Plaintiff responded that she needed to discuss the issue with her legal counsel and would respond by November 24, 2023. *Id*. Ms. Berner responded: "You can let us know about your decision to withdraw once you are ready but we will move forward with the process in the interim." *Id.* Ms. Berner thereupon immediately notified Plaintiff that the University "had scheduled a hearing on her Title IX complaint on December 13, 14, and 15, 2023." ECF No.

---

[3] As the above-cited correspondence is directly referenced and relied upon in the Proposed Supplemental Complaint, the entirety of the communications relating to Plaintiff's request to reschedule the hearing are incorporated by reference pursuant to the authorities cited in footnote 3, *supra*.

4

25-4 at ¶ 139; *see also* Berner Decl., Exh. A at p. 4 ("As the Notice provided to you on November 17, 2023, stated, the hearing is scheduled to take place on December 13, 14, and 15, 2023.").

Eleven days later, on November 28, 2023, "Plaintiff responded to Ms. Berner requesting to re-schedule the hearing because the hearing dates conflicted with her exam schedule." ECF No. 25-4 at ¶ 140. Although conveniently omitted from the Proposed Supplemental Complaint, Plaintiff also requested to reschedule the hearing due to unidentified "existing appointments" and "[her] advisors' previously scheduled jury trial." *See* Berner Decl., Exh. A at p. 5.

On November 29, 2023, Ms. Berner responded to Plaintiff, "offer[ing] to contact [the University of Pittsburgh's] Title IX[] office in order to request academic adjustments [to allow Plaintiff] to participate in the hearing[,]" and explaining that, although "[t]he University does not alter timelines to accommodate advisors' schedules[,]" Plaintiff was "welcome to choose another with availability to serve in this capacity[,] or the University could "provide [her] with an advisor for purposes of cross-examination at the hearing." *See id*. at pp. 4-5.

In addition, on December 4, 2023, Ms. Berner requested that Plaintiff provide her schedule so that the University could accommodate her request: "[w]ith regard to your request to reschedule the hearing due to your final exam schedule please share an official copy of your exam schedule by 5pm EST on Tuesday, December 5 and we will make adjustments to the hearing, if possible." *Id*. at p. 2 (E-mail from S. Berner to Plaintiff Dated December 4, 2023). On December 6, 2023, Plaintiff responded, claiming that she had one conflicting final exam on an unidentified date. *Id*. at p. 2. In response, on December 7, 2023, Ms. Berner requested that Plaintiff "share the date and time of th[e] [final] exam," and confirming that "we will make adjustments to the hearing, if possible, to allow for your attendance at the exam." *Id*. at p. 1. On December 11, 2023, *i.e.,* less

5

than two days before the hearing, Plaintiff responded to Ms. Berner, refusing to provide the requested information, and formally withdrawing her Title IX complaint. *Id*. at p. 1.

On December 18, 2023 – more than a month after the University allegedly refused to reschedule the hearing in the proceedings Plaintiff had already declared to be "moot" in light of her Complaint in this action – the University timely filed its Answer. ECF No. 12. On February 1, 2024, Defendant Turkeltaub timely answered the Complaint as well and asserted counterclaims for defamation and false light against Plaintiff. ECF No. 13. On April 9, 2024, Plaintiff moved to dismiss Defendant Turkeltaub's counterclaims, which, as of the date of the instant filing, is fully briefed and ripe for disposition. *See* ECF Nos. 19, 23, and 28.

On August 12, 2024 – over nine months after the University allegedly refused to reschedule the hearing on her Title IX complaint and the University answered the Complaint – Plaintiff filed this Motion, requesting that this Court grant her leave to include supplemental allegations that the University "retaliated against [her] when it refused to reschedule the date of the hearing . . .[,] forc[ing] her to choose between attending the hearing and taking her exams." *See generally* ECF No. 25; *see also* ECF No. 25-4 at ¶ 196. Plaintiff has provided no explanation whatsoever for her dilatory conduct.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms," to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint. *Thorp v. D.C.*, 325 F.R.D. 510, 513 (D.D.C. 2018) (citing Fed. R. Civ. P. Rule 15(d)). "Rule 15(d) is used . . . to put forward new claims or defenses based on events that took place after the original complaint or answer was filed[.]" *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002) (citation omitted).

6

It is well-settled that "[c]ourts typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard." *Thorp*, 325 F.R.D. at 513 (citing *Banner Health v. Burwell*, 55 F. Supp. 3d 1, 8 n.9 (D.D.C. 2014) (citations omitted)). Therefore, "the decision to grant a motion for leave to file a supplemental pleading is within the discretion of the district court." *Competitive Enter. Inst. v. McCarthy*, No. CV 21- 1238 (CKK), 2021 WL 9937858, at *2–3 (D.D.C. Oct. 7, 2021) (citing *Cause of Action Inst. v. DOJ*, 282 F. Supp. 3d 66, 72 (D.D.C. 2017)). "When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)).

## **ARGUMENT**

**I.    THE COURT SHOULD DENY THE MOTION BECAUSE SUPPLEMENTATION IS FUTILE. THE VERY COMMUNICATIONS PLAINTIFF REFERENCES IN HER PROPOSED SUPPLEMENTAL COMPLAINT UNEQUIVOCALLY ESTABLISH THE FALSITY OF HER CLAIM, AND SHE IS ESTOPPED FROM ASSERTING THE HARM SHE ALLEGES.**

The Motion should be denied because supplementation would be futile. Based upon the very communications Plaintiff references and incorporates, the proposed supplemental allegations are demonstrably untrue, and, in any event, Plaintiff is estopped from asserting any harm in this action from the alleged "retaliation" given her prior inconsistent written statements and actions in the Title IX proceeding.

First, a review of the e-mails directly relied upon and, therefore, incorporated by reference into the Proposed Supplemental Complaint establish that the allegation that the University "refused to reschedule the date of the hearing on her Title IX complaint to a date when she was available[,]" ECF No. 25-4 at ¶ 196, is unequivocally and objectively false. As borne out in the attached e-mail

7

correspondence, the University did in fact agree to reschedule the hearing to accommodate Plaintiff's final exam schedule, and did not "force[] her to choose between attending the hearing and taking her exams." ECF No. 25-4 at ¶¶ 139-141, 196; *cf.* Berner Decl., Exh. A (E-mails from S. Berner to C. van der Stelt Dated December 4-7, 2023).

As expressly alleged by Plaintiff in the Proposed Supplemental Complaint, as early as November 17, 2023, Ms. Berner notified Plaintiff that the University had scheduled a hearing on her Title IX complaint for December 13, 14, and 15, 2023. *See* ECF No. 25-4 at ¶ 139; Berner Decl., Exh. A at p. 4. After delaying for eleven days, Plaintiff finally contacted Ms. Berner on November 28, 2023, requesting to "re-schedule the hearing because the hearing dates conflicted with her exam schedule[,]" ECF No. 25-4 at ¶ 140, unidentified "existing appointments[,]" and "[her] advisors' previously scheduled jury trial." *See* Berner Decl. Exh. A at p. 5.

In response, contrary to Plaintiff's false allegations, the University expressly agreed to make adjustments to the hearing to accommodate Plaintiff's final exam on two separate occasions, and requested that Plaintiff share a copy of her exam schedule in order to do so. *Id.* at pp. 1-2 (E-mail from S. Berner to Plaintiff Dated December 4 & 7, 2023); *cf.* ECF No. 25-4 at ¶¶ 139-141, 196. Plaintiff refused to provide the requested information with any specificity and, instead, elected to voluntarily withdraw her Title IX complaint entirely on December 11, 2023. *See* Berner Decl. Exh. A at pp. 1-2 (E-mails from Plaintiff to S. Berner Dated December 6 & 11, 2023). Against this backdrop, Plaintiff's proposed additional allegations of "retaliation" against the University are undisputedly false and, therefore, supplementation would be futile. *See, e.g.*, *Said*, 183 F. Supp. at 75 (denying leave to amend pleading to include cause of action for promissory estoppel as futile upon consideration of extraneous collective bargaining agreement incorporated by reference); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 28 (D.D.C. 2008)

(denying leave to supplement pleading as futile because proposed claim would not survive a motion to dismiss).

Second, supplementation would also be futile because Plaintiff is estopped from asserting any harm from the alleged "retaliation" by her own conduct and written statements in the Title IX proceeding. As noted above, Plaintiff chose to voluntarily withdraw her Title IX complaint on December 11, 2023, thereby mooting the entire matter and extinguishing any purported consequential harm. Berner Decl. Exh. A at p. 1 ("I write to inform you that I'm formally withdrawing my Title IX complaint with Georgetown University at this time"). Indeed, several weeks *prior* to the scheduling of the hearing, on November 9, 2023, Plaintiff notified the IDEAA Office by e-mail that she believed the entire proceeding was "moot" given that she had filed the instant lawsuit in this Court, *id*. at p. 7, and "is pursuing her claims in that forum." *Id*. at Exh. B ("[I]ncorporate[d]" Letter from O. Miller to IDEAA Office Dated November 9, 2023).

In light of Plaintiff's avowed written position that the Title IX proceeding was "moot" because she had filed the present action – and her subsequent decision to voluntarily withdraw from the proceedings entirely – Plaintiff is now estopped from changing course and asserting any harm from this alleged "retaliation." *See, e.g.*, *Britamco Underwriters, Inc. v. Nishi, Papagjika & Assocs., Inc.*, 20 F. Supp. 2d 73, 77 n.2 (D.D.C. 1998) ("[e]stoppel is the doctrine by which a person may be precluded by his act or conduct, or silence if it is his duty to speak, from asserting a right which he otherwise would have had") (citing Black's Law Dictionary 538 (6th ed. 1990)); *Conrad v. Pisner*, 79 A.2d 780, 782 (D.C. 1951) (holding that defendant was estopped from asserting that plaintiff's acceptance of rent waived any rights of appeal given defendant's prior, inconsistent statements); *Shaffer v. Berger*, 81 A.2d 469, 471 (D.C. 1951) (holding that, "having agreed to the sale and to the commission [at issue], defendant [seller] is estopped from denying his

9

obligation" under the broker agreement); *Harris v. Hall's Motor Transit Co.*, No. 243- 69, 1969 WL 10912, at *1 (D.C. Gen. Sess. Dec. 22, 1969) (holding that, "[b]y making use of the grievance procedure under which a satisfactory settlement was reached . . . , plaintiff is estopped from suing on a cause of action arising from the same set of facts").

Simply put, if the Title IX proceedings were "moot," Plaintiff could not have been harmed by the University's alleged refusal to reschedule the hearing. Accordingly, as supplementation would be utterly futile, the Court should deny leave to supplement the Complaint with these entirely meritless allegations.

**II.   THE COURT SHOULD DENY THE MOTION BECAUSE OF PLAINTIFF'S DILATORY CONDUCT.**

It is well-settled that "a court may deny a motion for leave to amend if the party demonstrates a dilatory motive[.]" *Williams v. Savage*, 569 F. Supp. 2d 99, 107-08 (D.D.C. 2008) (denying leave to amend complaint to include additional allegations to support race discrimination claims because "plaintiffs could have included these allegations earlier and because they have not justified their delay") (citation omitted); *James Madison Project v. Dep't of Just.*, 208 F. Supp. 3d 265, 279-80 (D.D.C. 2016) (denying motion to amend pleading because plaintiff was on notice of proposed amendment for over six months). As it cannot credibly be disputed that Plaintiff's over nine-month delay in seeking leave to supplement the Complaint constitutes dilatory motive, the Motion should be summarily denied.

As she concedes, Plaintiff was aware of the facts allegedly supporting her proposed supplementation against the University as early as November 29, 2023. *See* ECF No. 25-4 at ¶ 141 ("[o]n or around November 29, 2023, Ms. Berner declined to re-schedule the hearing as requested by [Plaintiff]"). Therefore, Plaintiff could have amended her Complaint to include this "retaliation" as a matter of right within 21 days after the University filed its Answer on December

18, 2023. *See* Fed. R Civ. P. 15(a)(1)(B), ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading"). For whatever reason, Plaintiff chose not to do so and took no action, thereby electing to proceed with the claims already asserted in the original Complaint only.

Over nine months after the University allegedly refused to reschedule the hearing on her Title IX complaint and the University answered the Complaint, and with a ruling on Plaintiff's Motion to Dismiss Turkeltaub's Counterclaims and a discovery schedule approaching, Plaintiff now seeks leave to supplement the Complaint with these baseless allegations and start the pleading process over. Worse yet, Plaintiff brazenly offers no explanation of any kind for her dilatory conduct.

Notwithstanding Plaintiff's clear intent to delay her day of reckoning as long as possible, and disparage the University in the process, this action has been pending for over one year in this Court alone. Consequently, allowing Plaintiff's overdue supplementation would only prejudice the University by pointlessly further delaying resolution of this case and, as a result, effectively preventing it from restricting additional harm by presenting a meaningful, swift defense. As this Court has previously cautioned, Plaintiff should not be allowed to "flout the rules that provide for the orderly disposition of cases and then ask this court's indulgence so that [she] may try again[,]" particularly under the aforementioned circumstances. *Williams* 569 F. Supp. 2d at 107-08 (citing *U.S. Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980)). Because of Plaintiff's categorical and indefensible delay in seeking the proposed supplementation, the Court should deny the Motion on this basis alone.

## **CONCLUSION**

For the foregoing reasons, the University respectfully requests that the Court deny Plaintiff's Motion.

Dated: September 19, 2024                          **SAUL EWING LLP**

*/s/ Henry A. Platt*
Henry A. Platt (D.C. Bar No. 425994)
1919 Pennsylvania Avenue NW, Suite 550
Washington DC 20006
(202) 342-3447 – Telephone
(202) 337-6065 – Telefax
henry.platt@saul.com

Joshua W.B. Richards (Bar No. 1002821)
1500 Market Street
38th Floor, West Tower
Philadelphia, PA 19102
(215) 972-7737 – Telephone
(215) 972-7725 – Telefax
joshua.richards@saul.com

*Attorneys for Defendant*
*Georgetown University*

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I have electronically filed the foregoing **DEFENDANT GEORGETOWN UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT** and proposed Order with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all parties registered to receive CM/ECF notifications.

Dated: September 19, 2024　　　　　　　　　　　　*/s/ Henry A. Platt*
　　　　　　　　　　　　　　　　　　　　　　　　Henry A. Platt