IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-02212-RDM |
| ) | |
| ) | Hon. Loren L. AliKhan |
| GEORGETOWN UNIVERSITY, ) | |
| and PETER TURKELTAUB ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PETER TURKELTAUB, ) | |
| ) | |
| Counter-Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| CANDACE VAN DER STELT, ) | |
| ) | |
| Counter-Defendant ) | |

**PLAINTIFF'S REPLY TO DEFENDANT GEORGETOWN UNIVERSITY'S
OPPOSITION TO HER MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Plaintiff Ms. van der Stelt, by and through her undersigned counsel, hereby replies to Defendant Georgetown's Opposition to Plaintiff's Motion for Leave to Supplement Complaint ("Opposition"). Georgetown does not dispute that Ms. van der Stelt has met the relevant standard for supplementing her Complaint. Specifically, Georgetown does not dispute that the supplemental claims are related to the claims in the original complaint and that supplementing would serve judicial efficiency and economy. Rather, Georgetown first disputes the facts Ms. van der Stelt seeks to add to her Complaint. Georgetown's argument here relies on

1

mischaracterizations of statements made by its Title IX office regarding adjustments related to the hearing. In disputing Ms. van der Stelt's facts, Georgetown improperly relies on documents outside of the Complaint, which is improper at this stage. Second, Georgetown argues that because Plaintiff has since withdrawn from the Title IX process at Georgetown, she is estopped from supplementing her Complaint because she was not harmed by Georgetown's actions, which is inaccurate and applies an incorrect standard in evaluating a retaliation claim. Finally, Georgetown asserts that Ms. van der Stelt filed her motion with dilatory motive; however, she is well within the relevant timeframe for filing her claims separately and Georgetown has not shown that it has been prejudiced by the timing. In the instant case, when drawing all inferences in favor of Plaintiff, a reasonable factfinder could determine that Georgetown retaliated against Plaintiff. Because there is no dispute that all other requirements to supplement a complaint are satisfied, Plaintiff's Motion to Supplement should be granted.

I. **ARGUMENT**

A. **Ms. van der Stelt's Additional Retaliation Counts Against Georgetown Are Not "Futile" Because a Reasonable Factfinder Could Determine that Georgetown's Actions were Retaliatory.**

As an initial matter, Defendant's arguments regarding the merits of the claims rely on documents outside the Complaint are improper and also must fail because they rely on mischaracterizations of email exchanges between the Parties. As an initial matter, at the very least, Plaintiff is entitled to discovery on the issues before the Court issues a determination on the merits. *See Kim v. United States,* 632 F.3d 713, 719 (D.C. Cir. 2011) ("District courts may refer to materials outside the pleadings in resolving a 12(b)(6) motion. But when they do, they must also convert the motion to dismiss into one for summary judgment" and must allow the parties the opportunity to present evidence).

In deciding whether supplementation to a complaint is "futile," the correct standard to apply in the instant motion is the same as for a motion to dismiss. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017). In deciding on a motion to dismiss, the court must take all reasonable inferences in favor of the non-moving party. *Singletary v. Howard Univ.,* 939 F.3d 287, 302 (D.C. Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (allowing the plaintiff to amend a complaint because it would survive a motion to dismiss). Even if Georgetown had properly applied this standard, contrary to Georgetown's allegations, Plaintiff has sufficiently pled that Georgetown retaliated against her when it failed to move the hearing date. ECF No. 25-4 at 41-42, 49-54.

Georgetown's Opposition mischaracterizes Georgetown's statements regarding the hearing and only creates a dispute of fact, which cannot be resolved that this stage. By its own admission, Georgetown never proposed a specific date to reschedule the hearing. In a November 29, 2023, email, Georgetown's Title IX coordinator Samantha Berner stated that she would be "happy to work with" Ms. van der Stelt and her advisor "to contact [her] school's Title IX office in order to request academic adjustments so that [she was] able to participate in the hearing," ECF No. 32-2 at p. 5, and made absolutely no mention of moving the dates of the hearing. Ms. Berner's suggestion that an appropriate response to Ms. van der Stelt's request to move the dates of the hearing would be to contact the Title IX office at the University of Pittsburgh alarmed Ms. van der Stelt and felt threatening. Further, the suggestion was inconsistent with Title IX regulations. 34 C.F.R. § 106.44(g) ("A recipient must not disclose information about any supportive measures to persons other than the person to whom they apply, unless necessary to provide the supportive measure"). Since Georgetown provided no legitimate reason why it could not move dates of the hearing, disclosure to the University of Pittsburgh was not necessary. In response to Ms. Berner's

email, counsel for Ms. van der Stelt warned explicitly that "Georgetown's refusal to accommodate her final exam schedule will also be viewed as further attempts at retaliation." ECF No. 32-2 at p. 3.

Despite that warning, Georgetown again on December 7, 2023, "offered" to provide "a letter or information" that Ms. van der Stelt "could choose to share" with her new university's Title IX office and kept the hearing scheduled for the same dates it knew conflicted with Ms. van der Stelt's exam schedule. *Id*. at 1. The caveat that the letter, from one Title IX office to another, would not "disclose the substance of the matter" was wholly insufficient to address Ms. van der Stelt's worry that the University of Pittsburgh, where she had matriculated to make a new start, would learn about her Title IX case at Georgetown.

Georgetown further asserts that, in response to a request to share her exam schedule, Ms. van der Stelt "refused to provide the requested information with any specificity." ECF No. 32 at p. 12. To the contrary, on December 6, 2023, Ms. van der Stelt provided a link to the exam schedule, which was public information, and stated that the graduate exam schedule would span from December 11, 2023, to December 15, 2023. ECF No. 32-2 at p. 3. She provided the additional information that she also had two papers and a "grant deadline" due during the same week. *Id*. The latter – a clear reference to an outside funding agency – should have put Georgetown on notice that Ms. van der Stelt had immoveable academic commitments during that time period. In fact, the grant deadline was set by the NIH and was not within the power of the University of Pittsburgh to alter. The grant was tied to research credits she needed to earn in her fall semester and the due date to earn those credits was December 15, 2023. Despite providing this information, Georgetown still did not move the hearing date.

4

That notwithstanding, the burden should not have been on Ms. van der Stelt to accommodate Georgetown but rather the other way around. *See* Georgetown's Title IX Policy on "Supportive Measures" which clarifies that supportive measures should be offered by the Title IX Coordinator (in this case Ms. Berner) to students during the Title IX process.[1] Supportive Measures must be "appropriate, [] reasonably available, and without fee or charge to any individual alleging to have experienced Sexual Misconduct . . . before, during, or after the filing of a Complaint or where no Complaint has been filed."[2] The measures include "extensions of deadlines . . . and other similar measures."[3]

When Ms. van der Stelt learned that Georgetown was adamant in going ahead with the hearing on December 13, 14, and 15, 2023, she formally withdrew her Complaint. Georgetown could have cancelled the hearing then.[4] However, Georgetown elected to press ahead with the hearing, even after Ms. van der Stelt withdrew her Complaint, compounding its retaliatory efforts.

Georgetown's failure to reschedule the Title IX hearing and its mischaracterization "about the underlying facts" of the decision not to reschedule, the "changes and inconsistencies" in the reasons for the decision not to reschedule, as well as its "failure to follow established procedures or criteria," are all types of well-recognized circumstantial evidence supporting an inference of retaliatory motive. *Allen v. Johnson*, 795 F.3d 34, 40 (D.C. Cir. 2015) (quoting *Brady v. Off. of the Sergeant at Arms*, 520 F.3d 490, 495 (2008). Georgetown provided no reason for its refusal to

---

[1] Georgetown University, GUSOM Student Handbook, https://georgetown.app.box.com/s/v3ga3h6kkfzy5vnxv92utbv93rqfavhe at p. 110 (last visited 10/22/2024).
[2] *Id*.
[3] *Id*.
[4] *Id.* at p. 116 ("The Title IX Coordinator may also, but is not required to, dismiss a charge of Title IX Sexual Harassment if: i. A Complainant notifies the Title IX Coordinator in writing that the Complainant would like to withdraw the Title IX Complaint or any allegations therein").

reschedule Ms. van der Stelt's Title IX hearing to accommodate her exam schedule, and this refusal was in direct conflict with its policies, which require "Supportive Measures."[5]

Because it is patently clear from the emails between the Parties that Georgetown is misleading when it states that it "expressly agreed to make adjustments to the hearing," (ECF No. 32 at p. 12), Ms. van der Stelt's allegations are not false. The only actions Georgetown expressly agreed to take were to inform Pittsburgh's Title IX office of the proceedings at Georgetown, thus jeopardizing the fresh start at the University of Pittsburgh Ms. van der Stelt had upended her life to achieve. It is contradictory for Georgetown to impute to Ms. van der Stelt "a clear intent to delay her day of reckoning as long as possible," when Georgetown did not complete its investigation into her formal Complaint until almost one year had passed after she filed it. This is clearly inconsistent with Georgetown's Title IX policy, which states "the University will investigate the allegations in any Complaint in a prompt, fair, and impartial manner." [6] At the very least, when drawing all inferences in favor of Plaintiff, as the Court is required to do at this stage, a reasonable fact finder could determine that Georgetown's actions were retaliatory. *Singletary,* 939 F.3d at 302.

**B. Plaintiff is Not Estopped From Asserting Harm Because She Withdrew Her Title IX Complaint.**

Georgetown alleges that because Ms. van der Stelt withdrew from Georgetown's Title IX process on December 11, 2023, she is now estopped from asserting harm. This argument both asks the Court to adopt an overly narrow interpretation of harm and entirely ignore the relevant standard for retaliation claims. ECF No. 32 at p. 13. The mistaken argument here seems to be that because Ms. van der Stelt voluntarily withdrew her Complaint, the hearing became "moot," which

---

[5] *Id. at* p. 110
[6] Id. *a*t p. 110

therefore meant that it could cause her no harm, even if it took place. ECF No. 32 at. p. 14. Georgetown's argument that holding a hearing into allegations of sexual harassment with neither the victim nor her advisor present to forcefully support her allegations and cross-examine witnesses, who testified negatively about Ms. van der Stelt, the holding such a hearing could not harm Ms. van der Stelt is beyond comprehension. Black's Law Dictionary defines mootness as "[h]aving no practical significance," which cannot arguably be the case here. *Black's Law Dictionary* (12th ed. 2024). Not only was Ms. van der Stelt actually harmed but Georgetown's actions, forcing a victim of sexual harassment to choose between pursuing their claims and pursuing their studies, is likely to have a chilling effect, which is the relevant standard for determining whether conduct was retaliatory. *Franklin v. Potter*, 600 F. Supp. 2d 38, 66 (D.D.C. 2009).

The cases relied upon by Georgetown to support its argument are entirely irrelevant and inapplicable and do not concern claims of retaliation. In support of its Opposition, Georgetown cites to *Conrad v. Pisner*, a 1951 case where the defendant tenant was estopped from asserting that the plaintiff landlord waived his rights by accepting rent because the trial court established that "[a]cceptance of rent by plaintiff will waive no rights that he may have." 79 A.2d 780, 782 (D.C. 1951). Georgetown also cites to *Shaffer v. Berger*, another 1951 case, in which the court estopped the defendant seller from denying his obligation under the broker agreement since the seller agreed to the sale and commission at issue. 81 A.2d 469, 471 (D.C. 1951). Finally, Georgetown cites to *Harris v. Hall's Motor Transit Co.*, where a plaintiff was estopped from suing on a cause of action arising from a grievance procedure under which satisfactory settlement was reached. No. 243- 69, 1969 WL 10912, at *1 (D.C. Gen. Sess. Dec. 22, 1969). All cited cases do not apply to the facts in our case. Unlike in *Pisner*, no trial court has asserted parameters for waiver of rights. Unlike

7

in *Shaffer,* Plaintiff did not agree to sale terms.  Finally, unlike in *Harris*, no satisfactory settlement has been reached.

### c. Ms. van der Stelt's Motion Was Not Filed with Dilatory Motive and Instead Promotes Judicial Economy.

Georgetown argues that Ms. van der Stelt's Motion to Supplement her Complaint should be denied because Ms. van der Stelt "demonstrated dilatory motive" in filing her motion.  ECF No. 32 at p. 14.  Georgetown asserts in conclusory fashion that it has been harmed by the delay but goes into no specifics about why or how. This case is still at a relatively early stage and discovery has not yet commenced. If she so desired, Ms. van der Stelt could have filed her retaliation claim with the DC Office of Human Rights within one year or filed a new civil action under Title IX.  Given that Plaintiff sought to supplement her complaint well within the statutory timeframe to pursue the additional acts of retaliation, Plaintiff's actions cannot be dilatory or intended to cause delay.  However, instead of litigating her claims in two forums, Ms. van der Stelt opted to request to supplement the instant Complaint in an effort to conserve resources and promote judicial economy for claims clearly interrelated to the facts in her original Complaint to be heard in the same forum.  *Fund for Animals v. Hall*, 246 F.R.D. 53, 54 (D.D.C. 2007).

Finally, Georgetown does not dispute that the supplemental claims are related to the claims in the original complaint and that supplementing would serve judicial efficiency and economy.  These arguments should therefore be considered waived. LCvR 7(b); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded"); *Bassett v. Walsh*, No. CV 22-2408, 2023 WL 4999176, at *3 (D.D.C. Aug. 4, 2023) (quoting *Wannall*).

## II.     CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiff's Motion to Supplement, this Court should grant leave and accept the Plaintiff's Motion to Supplement.

Dated: October 28, 2024,                                    Respectfully submitted,

*/s/ Cori Cohen*
Gary M. Gilbert, Esq. (Bar No. MD15808)
Cori M. Cohen, Esq. (Bar No. MD19124)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD, 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Gary-efile@gelawyer.com
ccohen-efile@gelawyer.com

*Counsel for Plaintiff/Counter-Defendant Candace van der Stelt*

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the foregoing *Plaintiff's Reply To Defendant Georgetown University's Opposition To Plaintiff's Motion For Leave To Supplement Complaint* were served on all parties of record through the Court's CM/CF filing system on October 28, 2024.

                                                /s/ Cori Cohen  
                                                Cori Cohen  
                                                Gilbert Employment Law, P.C.  
                                                8403 Colesville road, Suite 1000  
                                                Silver Spring, MD, 20910  
                                                Tel: (301) 608-0880  
                                                Fax: (301) 608-0881  
                                                CCohen-efile@gelawyer.com