## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT, )<br><br>Plaintiff, )<br><br>v. )<br><br>GEORGETOWN UNIVERSITY, )<br>and PETER TURKELTAUB )<br><br>Defendants. )<br>———————————————— )<br>PETER TURKELTAUB, )<br><br>Counter-Plaintiff )<br><br>v. )<br><br>CANDACE VAN DER STELT, )<br><br>Counter-Defendant ) | Civil Action No. 1:23-cv-02212-RDM<br><br>Hon. Loren L. AliKhan |

## PLAINTIFF VAN DER STELT'S REPLY TO DEFENDANT TURKELTAUB'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

Plaintiff Candace van der Stelt by and through her undersigned counsel, hereby replies to Defendant Peter Turkeltaub's ("Turkeltaub") Opposition to Plaintiff's Motion for Leave to Supplement Complaint ("Opposition"). In his Opposition, Turkeltaub asks the Court to deny Plaintiff's Motion for Leave to Supplement her Complaint ("Plaintiff's Motion") and argues solely that supplementing her Complaint would be futile because a counterclaim cannot amount to retaliation, relying on a single, non-binding case. Opposition at 1-2. This argument is not correct. The Supreme Court, as well as the District of Columbia Court of Appeals and courts in other

1

jurisdictions, have expressly held that counterclaims can amount to retaliation.  Thus, Ms. van der Stelt's Motion to Supplement to add retaliation claims against Turkeltaub should be granted.

## I.     ARGUMENT

The Supreme Court has expressly held that a lawsuit can amount to an act of unlawful retaliation under a federal statute when the lawsuit is filed with a "retaliatory motive" and "lacks a reasonable basis in fact and law." *Bill Johnson's Rests*., 461 U.S. at 744.  "A lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation." *Id*. at 740.  In *Bill Johnson's Restaurant.*, the Supreme Court held that it is an "unfair labor practice to prosecute a baseless lawsuit with the intent of retaliating against an employee for the exercise of rights protected by § 7 of the [National Labor Relations Act]." *Id*. at 744.  Although *Bill Johnson's Rests.* concerned retaliation in the context of the National Labor Relations Act, and not Title IX, in *Burlington Northern & Santa Fe Railway Co. v. Whit*e, 548 U.S. 53, 66 (2006), the Supreme Court extended *Bill Johnson's Rests*. reasoning to Title VII.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. at 62; *see also Darveau v. Detecon, Inc*., 515 F.3d 334, 342 (4th Cir. 2008) (noting there are "no significant differences in either the language or intent" of the Title VII and the FLSA antiretaliation provisions).  In relying on its holding in *Bill Johnson's Restaurants*, the Court emphasized "the retaliatory filing of a lawsuit against an employee" as being among the "wide variety of employer conduct that is intended to restrain, or that has the likely effect of restraining, employees in the exercise of protected activities" prohibited by the National Labor Standards Act.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66–67 (2006) (quoting *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 740 (1983)).

Since Ms. van der Stelt's additional DCHRA claims are based on the DCHRA and not Title VII, the court should apply D.C. law.  28 U.S.C. § 1367(a) (courts should decide supplemental

state law claims based on state law, unless one of four exceptions, not present here, applies). While the District of Columbia courts look to federal court interpretations of the anti-retaliation provisions of Title VII for guidance in interpreting the DCHRA,[1] the District of Columbia Court of Appeals has gone even further than the Supreme Court and held that even meritorious counterclaims may be retaliatory if they are filed with retaliatory motive. *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 368 (D.C. 1993) ("We hold, specifically, that the employer's filing of a lawsuit in retaliation for the employee's complaints of discrimination is a violation of" the DCHRA). The D.C. Court of Appeals in *Sutherland* was clear that "the fact that the employer may have a valid legal claim does not preclude the employee from establishing that the employer's motive in asserting the claim was impermissible retaliation." *Id.* In *Ayub v. Picco*, No. 17-cv-02132, 2019 U.S. Dist. LEXIS 237580, (D.D.C. Jan. 2, 2019), after settlement in favor of the plaintiff, a damages hearing was held in which the court refused to reduce the fees award for time spent preparing plaintiff's retaliation claim "arising out of Defendants' filing of counterclaims." *Ayub,* 2019 U.S. Dist. LEXIS 237580, at *2; *see also Ayub v. Picco,* 293 F. Supp. 3d 215, 216 (D.D.C. 2018).

The D.C. Court of Appeals broad approach is consistent with the approach of courts in other jurisdictions which recognize "that filing a defamation action constitutes retaliation because of an 'absolute privilege against defamation or other torts resulting from exercising a right granted by federal law like the filing of a charge of discrimination.'" *Blistein v. St. John's Coll*., 860 F. Supp. 256, 269 (D. Md. 1994) (internal citations omitted); *see also General Motors v. Mendicki,*

---

[1] *See, e.g., Futrell v. Dep't of Lab. Fed. Credit Union*, 816 A.2d 793, 802 (D.C. 2003)(In considering claims brought under the DCHRA, we rely on 'the same three-part, burden-shifting test articulated by the Supreme Court for Title VII cases'"); *Rose v. United Gen. Contractors*, 285 A.3d 186, 192 (D.C. 2022 (noting, however, "we have also observed that [the DCHRA] is different from the federal statutes in other significant ways")(quoting *East v. Graphic Arts Indus. Joint Pension Tr.*, 718 A.2d 153, 159 (D.C. 1998)).

367 F.2d 66, 70-72 (10th Cir., 1966) (finding alleged slander suit stemming from a statement made by a company representative during a grievance proceeding—a process set up by labor laws to resolve disputes—was absolutely privileged, even if it was not true); *Equal Emp't Opportunity Comm'n v. Va. Carolina Veneer Corp.,* 495 F. Supp. 775, 778 (E.D. Va. 1980) (holding Title VII "protects employees from employer retaliation for filing complaints with the EEOC, even if the charges alleged are false and malicious" and therefore the employer's defamation suit in response to the employee filing a case of sex discrimination constituted retaliation as a matter of law), *aff'd Cassidy v. Va. Carolina Veneer Corp.*, 652 F.2d 380 (4th Cir. 1981); *Equal Emp. Opportunity Comm'n v. Levi Strauss & Co.,* 515 F. Supp. 640, 642–43 (N.D. Ill. 1981) (holding "[r]etaliation, whether in the form of a subsequent discharge or court proceeding, places an added cost on the exercise of [Title VII] rights and as such has a "chilling effect"); *Equal Emp't Opportunity Comm'n v. Seelye-Wright of S. Haven, Inc*., No. 1:05-CV-677, 2006 U.S. Dist. LEXIS 73529 (W.D. Mich. Oct. 10, 2006) (finding that filing a defamation suit against the plaintiff constituted an adverse action); *Macy v. Trans World Airlines, Inc*., 381 F. Supp. 142, 148 (D.Md.1974) (dismissing employee defamation action based on a libelous discharge letter issued pursuant to contract procedures established in accordance with the Railway Labor Act); *Kabir v. Singing River Health Sys*., No. 1:19cv412-LG-RHW, 2019 U.S. Dist. LEXIS 211655, at *8-9 (S.D. Miss. Dec. 9, 2019) (finding plaintiff stated "plausible claim for Title VII retaliation" where defendant sued him after filing of EEOC charge).

Relying on a single, non-binding district court decision from 2009, *Gross v. Akin, Gump, Strauss, Hauer, & Feld LLP*, 599 F. Supp. 2d 23 (D.D.C. 2009), Turkeltaub argues that a counterclaim cannot constitute retaliation. ECF No. 31 at p. 1. This argument is without merit and should be rejected by the Court. Turkeltaub's reliance on *Gross* is misplaced. His argument

rests on the court's statement in *Gross*, that "[t]he D.C. Circuit has never found that the filing of a counterclaim constitutes an adverse employment action." *Id*; ECF No. 31 at 4. The fact that the D.C. Circuit has not yet made an explicit holding on the question is not precedent precluding Ms. van der Stelt's supplemental retaliation claim under the DCHRA.

Moreover, the facts in *Gross* are starkly different than in the instant matter. In *Gross*, the employer filed a counterclaim three years after the plaintiff was already terminated, due to alleged wrongdoing committed by the plaintiff during his employment that was revealed in discovery. *Gross*, 599 F. Supp. 2d at 33. Here, unlike in *Gross,* Turkeltaub filed a defamation suit against Ms. van der Stelt only six months after she filed a harassment case against him, not three years later. Moreover, unlike in *Gross*, there is no evidence in this case that the plaintiff committed wrongful employment acts. 293 F. Supp. 3d 215, 216 (D.D.C. 2018). Instead, it was Turkeltaub that committed a wrongful employment act by harassing Ms. van der Stelt and forcing her to leave his lab and abandon more than one-year of research for her dissertation. ECF No. 1 at ¶¶ 112, 113, 118.

Thus, the facts of *Gross* do not apply here and, at the very least, when taking all inferences in her favor, Ms. van der Stelt has sufficiently pled that the counterclaim was retaliatory. "A proposed supplement to a complaint is futile if it would not survive a motion to dismiss." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017) (internal citations omitted). In deciding on a motion to dismiss, the court must take all reasonable inferences in favor of the non-moving party. *Singletary v. Howard Univ.,* 939 F.3d 287, 302 (D.C. Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (allowing the plaintiff to amend a complaint because it would survive a motion to dismiss). Thus, at this stage, the Court need not determine whether retaliatory motive existed. It is enough that, when drawing all inferences in favor of Ms. van der Stelt, a reasonable

factfinder could determine that the counterclaim was filed because of a retaliatory motive. ECF 23-5; *Cf. Arthur Young & Co.*, 631 A.2d at 368 ("Whether the employer had such a retaliatory motive is a question of fact for the jury (or the judge in a nonjury trial), and, like other types of claims in which motive or intent is in issue, is not well suited to disposition on a motion for summary judgment"). When taking all inferences in favor of Ms. van der Stelt, as the Court must do at this stage, it is logical that Ms. van der Stelt, or any other PhD student under similar circumstances, would be reasonably from speaking up about harassment they have endured, due to the fear that their harasser would file a defamation claim against them. *See Franklin v. Potter*, 600 F. Supp. 2d 38, 66 (D.D.C. 2009) (setting forth the standard for retaliation).[2] Ms. van der Stelt's supplemental Complaint therefore states a claim and would survive a motion to dismiss. Accordingly, disposition at this stage is inappropriate.

Moreover, as explained in Counter-Defendant's Motion to Dismiss Counter-Plaintiff's Counterclaims (ECF No. 19), Turkeltaub's defamation claim is baseless because Ms. van der Stelt's alleged "defamatory" statements are subject to privilege. ECF No. 19 at 30-35. Ms. van der Stelt's statements, by Turkeltaub's own admission, are also substantially true, and substantial truth is an absolute defense to defamation claims. ECF No. 19 at 38. Turkeltaub also failed to prove van der Stelt published any statements with malice, wanton, reckless, and/or willful disregard of the truth, and Turkeltaub cannot demonstrate he was harmed by the alleged defamatory statements. ECF No. 19 at 38-44. Turkeltaub's defamation suit thus is the exact type of baseless litigation that the D.C. District Court recognizes as unlawful retaliation. *See Melendez,*2018 U.S. Dist. LEXIS 165996, at *37 (recognizing that a counterclaim "may be

---

[2] When analyzing whether an action is retaliatory under Title IX and the DCHRA, the D.C. District Courts also look to whether the action could "dissuade a reasonable worker from making or supporting a charge of discrimination' (internal citations omitted)). *Doe v. George Wash. Univ.*, 369 F. Supp. 3d 49, 73 (D.D.C. 2019).

baseless and therefore, an appropriate basis for a retaliation claim."); *Ayub,* LEXIS 237580, at *2 (accepting retaliation claim "arising out of Defendants' filing of counterclaims").

The D.C. Circuit has decided that D.C.'s Anti-SLAPP statute, D.C. Code 16-5502 *et seq.,* which protect the free speech of harassment victims by providing routes to obtain dismissal of meritless defamation lawsuits, does not apply at the federal level, which leaves victims of harassment more vulnerable to being silenced by meritless defamation claims. *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1331 (D.C. Cir.  2015) (holding that when a federal court is exercising diversity jurisdiction, Fed. R. Civ. P. 12(b)(6), as opposed to DC's anti-SLAPP Law, applies); *Democracy Partners v. Project Veritas Action Fund*, 285 F. Supp. 3d 109, 127-28 (D.D.C. 2018) (applying *Abbas* to federal question cases).  By allowing Ms. van der Stelt's claim that Turkeltaub's defamation suit as an additional act of retaliation against her, this court will fill a gap in the laws of this Circuit and protect victims of harassment as contemplated by both the Anti-SLAPP statutes and the anti-retaliation provisions of the DCHRA.[3]

Finally, Turkeltaub does not dispute that the supplemental claims are related to the claims in the original complaint and that supplementing would serve judicial efficiency and economy. These arguments should therefore be considered waived. LCvR 7(b); *Wannall v. Honeywell, Inc*., 775 F.3d 425, 428 (D.C. Cir. 2014)("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded"); *Bassett v. Walsh*, No. CV 22-2408 (JEB), 2023 WL 4999176, at *3 (D.D.C. Aug. 4, 2023)(quoting *Wannall*).

---

[3] Shannon Jankowski and Charles Hogle, *SLAPP-ing Back: Recent Legal Challenges to the Application of State Anti-SLAPP Laws*, Comm. Lawyer 29 (Mar. 16, 2022), https://americanbar.org/groups/communications_law/publications/communications_lawyer/2022-winter/slapping-back-recent-legal-challenges-the-application-state-antislapp-laws/ (explaining that Anti-SLAPP "laws provide critical protections for SLAPP defendants by establishing mechanisms for the prompt dismissal of meritless claims" but that "[f]ederal courts of appeals are split as to whether—and to what extent—provisions of state anti-SLAPP laws should be applied by federal courts . . .")

**II. CONCLUSION**

For the foregoing reasons, as well as those set forth in Plaintiff's Motion to Supplement, this Court should grant leave and grant the Plaintiff's Motion to Supplement.

Dated: October 28, 2024,                          Respectfully submitted,

                                                  */s/ Cori Cohen*_____
                                                  Gary M. Gilbert, Esq. (Bar No. MD15808)
                                                  Cori M. Cohen, Esq. (Bar No. MD19124)
                                                  Gilbert Employment Law, P.C.
                                                  8403 Colesville Road, Suite 1000
                                                  Silver Spring, MD, 20910
                                                  Tel: (301) 608-0880
                                                  Fax: (301) 608-0881
                                                  Gary-efile@gelawyer.com
                                                  ccohen-efile@gelawyer.com

                                                  *Counsel for Plaintiff/Counter-Defendant*
                                                  *Candace Ms. van der Stelt*