**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CANDACE VAN DER STELT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-02212-LLA |
| ) | |
| ) | Hon. Loren L. AliKhan |
| GEORGETOWN UNIVERSITY, ) | |
| and PETER TURKELTAUB ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PETER TURKELTAUB, ) | |
| ) | |
| Counter-Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| CANDACE VAN DER STELT, ) | |
| ) | |
| Counter-Defendant ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT AND COUNTER-PLAINTIFF PETER TURKELTAUB'S COUNTERCLAIMS**

Plaintiff and Counter-Defendant Candace van der Stelt, by and through her undersigned counsel, submits her Answer to Defendant and Counter-Plaintiff Peter Turkeltaub's ("Counter-Plaintiff") Counterclaim, dated February 1, 2024 (Dkt. 13) and re-filed on April 10, 2025 (Dkt. 39). Except as otherwise expressly admitted, Ms. van der Stelt denies each and every allegation in this Complaint. The headings and non-numbered statements in the Complaint are not factual assertions and do not require a response. To the extent a response is required, Ms. van der Stelt denies the headings and non-numbered statements. Ms. van der Stelt expressly reserves the right to amend and/or supplement her Answer. Counter-Plaintiff's Counterclaim should be dismissed

because it constitutes unlawful retaliation intended to have a chilling effect on victims of sexual harassment and are explicitly based on Ms. van der Stelt's protected activity. Moreover, the statements at issue are true or substantially true, reflect Ms. van der Stelt's opinions, are subjected to an absolute or qualified privilege, and/or are time barred.

1.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 1.

2.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 2.

3.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 3.

4.    Ms. van der Stelt admits that she joined the CRL as a Lab Manager and Research Speech-Language Pathologist in July 2018 and that Paragraph 4 describes some of her duties.

5.    Ms. van der Stelt admits that she is "hard-working, smart, engaging, and passionate" but denies the remaining allegations in paragraph 5.

6.    Admit.

7.    Ms. van der Stelt admits that Sachi Paul was hired to succeed Ms. van der Stelt as Lab Manager and that Ms. Paul, Ms. van der Stelt, and Counter-Plaintiff were initially friends but denies the remaining allegations in Paragraph 7.

8.    Deny.

9.    Deny.

10.    Deny.

11.    Deny.

12.    Deny.

13.    Deny.

14.    Ms. van der Stelt denies the allegations in paragraph 14 with respect to her interactions with Christine Baron and Ms. van der Stelt's colleagues but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 14.

15.    Ms. van der Stelt admits she separated from CRL in or around October 2022 but denies the remaining allegations in paragraph 15.

16.    Deny.

17.    Deny.

18.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 18.

19.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 19.

20.    Ms. van der Stelt admits that she withdrew her Title IX claim but denies the remaining allegations in Paragraph 20.

21.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 21.

22.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 22.

23.    Deny.

24.    Deny.

25.    The allegations in paragraph 25 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 25.

26.     Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 26.

27.     Deny.

28.     Ms. van der Stelt admits that she filed a federal civil action but denies the remaining allegations in paragraph 18.

29.     Ms. van der Stelt denies the allegations related to her praise of Counter-Plaintiff but she lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 29.

30.     Deny.

31.     The allegations in paragraph 31 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in paragraph 31.

32.     Deny.

33.     Deny.

34.     The allegations in paragraph 34 contain a legal conclusion that does not require a response.  To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 contain a legal conclusion that does not require a response.  To the extent a response is required, Ms. Van der Stelt denies the allegations in paragraph 35.

## **<u>PARTIES</u>**

36.     Admit.

37.     Admit.

## JURISDICTION AND VENUE

38.    Admit.

39.    Admit.

40.    Admit.

## FACTS

41.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 41.

42.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 42.

43.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 43.

44.    Admit.

45.    Ms. van der Stelt admits that she and Counter-Plaintiff initially had a professional relationship but lacks sufficient knowledge or information to respond to the allegations regarding the qualities Counter-Plaintiff admired about her.  Ms. van der Stelt denies the remaining allegations in paragraph 45.

46.    Ms. van der Stelt admits that she applied to IPN to pursue a PhD and that she was accepted in the spring of 2020 and deferred her start to the summer of 2021 but denies the characterization of her academic background and ambition. Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 46.

47.    Admit.

48.    Ms. van der Stelt admits that she and Ms. Paul became friends but denies the remaining allegations in paragraph 48.

49.     Deny.

50.     Ms. van der Stelt admits that she, Counter-Plaintiff, Ms. Paul, and Mr. DeMarco were most often in the lab during the fall of 2020 but denies the remaining allegations in paragraph 50. Ms. van der Stelt lacks sufficient knowledge or information to respond to allegations regarding how other individuals felt.

51.     Ms. van der Stelt admits that Counter-Plaintiff set up a WhatsApp Group for CRL colleagues. She lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 51.

52.     Ms. van der Stelt admits that she, Counter-Plaintiff, and Ms. Paul had a group text chat and were in a WhatsApp group. To the extent the allegations paragraph 52 references, paraphrase, or characterize the contents of a document, the document speaks for itself. Plaintiff denies the allegations to the extent they are inconsistent with that document.

53.     The allegations in paragraph 53 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

54.     The allegations in paragraph 54 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

55.     The allegations in paragraph 55 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

56.     Deny.

57.     Deny.

58.    The allegations in paragraph 58 reference, paraphrase, or characterize the contents of something written by Ms. van der Stelt and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

59.    Deny.

60.    Ms. van der Stelt admits that Counter-Plaintiff made jokes about syphilis but denies the remaining allegations in paragraph 60.

61.    To the extent the allegations in paragraph 61 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 61.

62.    The allegations in paragraph 62 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

63.    To the extent the allegations in paragraph 63 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 63.

64.    Ms. van der Stelt admits that she, Counter-Plaintiff, Ms. Paul, and other lab members sometimes socialized outside of work and that she invited colleagues over for board games. Ms. van der Stelt denies the remaining allegations in paragraph 64.

65.    To the extent the allegations in paragraph 65 seek to reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies

the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies

the remaining allegations in paragraph 65.

66.    To the extent the allegations in paragraph 66 seek to reference, paraphrase, or

characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies

the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies

the remaining allegations in paragraph 66.

67.    Deny.

68.    To the extent the allegations in paragraph 66 reference, paraphrase, or characterize

the contents of a document, the document speaks for itself. Ms. van der Stelt denies the

allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the

remaining allegations in paragraph 68.

69.    To the extent the allegations in paragraph 66 seek to reference, paraphrase, or

characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies

the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies

the remaining allegations in paragraph 69.

70.    Ms. van der Stelt admits that after Turkeltaub became her PhD mentor, he did not

end carpooling and personal communications with her, but she denies the remaining allegations

in paragraph 70.

71.    Deny.

72.    To the extent the allegations in paragraph 72 reference, paraphrase, or characterize

a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent

they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in

paragraph 72.

73.    Deny.

74.    Deny.

75.    To the extent the allegations in paragraph 75 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 75.

76.    The allegations in paragraph 76 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

77.    To the extent the allegations in paragraph 77 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 77.

78.    To the extent the allegations in paragraph 78 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 78.

79.    To the extent the allegations in paragraph 79 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 79.

80.    To the extent the allegations in paragraph 80 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the

allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 80.

81.     Deny.

82.     To the extent the allegations in paragraph 82 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 82.

83.     Ms. van der Stelt admits that Counter-Plaintiff touched her but denies the remaining allegations in paragraph 83.

84.     The allegations in paragraph 84 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 84.

85.     To the extent the allegations in paragraph 85 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 85.

86.     To the extent the allegations in paragraph 86 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 86.

87.     To the extent the allegations in paragraph 87 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the

allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 87.

88.    To the extent the allegations in paragraph 88 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 88.

89.    To the extent the allegations in paragraph 89 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 89.

90.    To the extent the allegations in paragraph 90 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 90.

91.    Ms. van der Stelt denies the characterization of her actions and feelings but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 91.

92.    Deny.

93.    Deny.

94.    To the extent the allegations in paragraph 94 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 94.

95.    The allegations in paragraph 95 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

96.    Deny.

97.    Deny.

98.    To the extent the allegations in paragraph 98 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 98.

99.    Deny.

100.    Ms. van der Stelt admits that she and Counter-Plaintiff met but denies the remaining allegations in paragraph 100. To the extent the allegations in paragraph 100 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

101.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 101. To the extent the allegations in paragraph 101 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

102.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 102. To the extent the allegations in paragraph 102 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

103.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 103. To the extent the allegations in paragraph 103 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

104.    Ms. van der Stelt denies the characterizations of her interactions with lab members but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 104.

105.    Ms. van der Stelt denies the characterization of the May 5th conversation and that Counter-Plaintiff resolved to treat her as he would any other graduate student but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 105.

106.    Ms. van der Stelt admits that Turkeltaub hosted a dissertation defense party at his home but denies the remaining allegations in paragraph 106.

107.    Ms. van der Stelt admits that she spoke with Rachel Galginaitis but denies the remaining allegations in paragraph 107.

108.    Deny.

109.    Ms. van der Stelt admits that in June and July 2022, she travelled to Europe and Israel during which time she worked remotely but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 109.

110.    Deny.

111.    Deny.

112.    Deny.

113.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 113.

114.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 114.

115.    Ms. van der Stelt denies the characterization of her performance and interactions but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 115.

116.    The allegations in paragraph 116 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

117.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 117.

118.    Ms. van der Stelt admits that she filed a complaint with IDEAA but denies that it was filed on March 28, 2023. Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 118 as the prior complaint is not identified.

119.    Ms. van der Stelt denies the allegations in paragraph 119 to the extent it suggests there were no discussions about further participation in the research of CRL after she left.

120.    Ms. van der Stelt lacks sufficient knowledge and information to respond to the allegations in paragraph 120 as the document referenced is not specifically identified. To the extent the allegations in paragraph 120 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

121.    To the extent the allegations in paragraph 121 rely on a policy, the policy speaks for itself. Ms. van der Stelt denies that she was responsible for enforcing these rules and that others leaving CRL routinely relinquished their access to this kind of data.

122.    Deny.

123.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 123.

124.    The allegations in paragraph 124 reference, paraphrase, or characterize the contents of a document and the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

125.    Deny.

126.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 126.

127.    Deny.

128.    The allegations in paragraph 128 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 128.

129.    Ms. van der Stelt admits that she spoke to Carolyn Gershman but denies the remaining allegations in paragraph 129, including the description of the conversation. Ms. van der Stelt lacks sufficient knowledge or information to respond to allegations about Ms. Gershman's response to the conversation.

130.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 130.

131.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 131 as the first-year student is unidentified. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 131.

132.    Deny.

133.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 133.

134.    Ms. van der Stelt denies the comments that were attributed to her and lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 134.

135.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 135. To the extent the allegations in paragraph 135 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

136.    The allegations in paragraph 136 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 136.

137.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 137 as the IPN graduate student is unidentified. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 137.

138.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 138.

139.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 139 as the graduate student is unidentified. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 139.

140.    Pursuant to the Court's March 31, 2025, Order (Dkt. 37), this communication was dismissed from the Counterclaim and therefore a response is not required.

141.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 141 as the IPN student is unidentified. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 141.

142.    Deny.

143.    Ms. van der Stelt admits that she spoke to Dr. Maryam Ghaleh but denies the allegations in paragraph 143 regarding the description of the conversation. Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 143.

144.    To the extent the allegations in paragraph 144 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document. Ms. van der Stelt denies the remaining allegations in paragraph 144.

145.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 145.

146.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 146.

147.    The allegations in paragraph 147 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 147.

148.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 148 as the faculty member referenced is not identified. To the extent the allegations in paragraph 148 reference, paraphrase, or characterize the contents of a document,

the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

149.   Deny.

150.   Deny.

151.   Plaintiff admits that she attended events hosted by Georgetown's Women in Science and Education ("WISE") but denies the remaining allegations in paragraph 151.

152.   The allegations in paragraph 152 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 152.

153.   Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 153.

154.   Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 154.

155.   Pursuant to the Court's March 31, 2025, Order (Dkt. 37), the filing of Ms. van der Stelt's civil action is dismissed from the Counterclaim and therefore a response is not required. To the extent a response is required, Ms. van der Stelt admits she filed a Complaint on July 31, 2024 (Dkt. 1).

156.   Ms. van der Stelt lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 156. To the extent the allegations in paragraph 156 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

157.   Deny.

158.    Ms. van der Stelt denies that she was aware of or approved the dissemination of her complaint but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 158.

159.    Ms. van der Stelt denies that she knew about or approved the dissemination of her complaint and the description of any of her communications with lab members but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 159.

160.    Ms. van der Stelt denies that she knew about or approved the dissemination of her complaint but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 160.

161.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations in paragraph 161. To the extent the allegations in paragraph 161 reference, paraphrase, or characterize the contents of a document, the document speaks for itself. Ms. van der Stelt denies the allegations to the extent they are inconsistent with that document.

162.    Paragraph 162 calls for a legal conclusion for which no response is required. To the extent a response is required, Ms. van der Stelt denies the characterization of the statements as false but lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 162.

163.    Ms. van der Stelt admits that she spoke to Rebecca Boersma but denies the allegations in paragraph 163 regarding the description of the conversation. Ms. van der Stelt lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 163.

164.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in Paragraph 164.

165.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in Paragraph 165.

166.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in Paragraph 166.

167.    Ms. van der Stelt admits that she withdrew her Title IX complaint but denies the remaining allegations in paragraph 167.

168.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in paragraph 168.

169.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in paragraph 169.

170.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in paragraph 170.

171.    Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in paragraph 171 concerning Counter-Plaintiff's record but denies the remaining allegations in paragraph 171.

172.    The allegations in paragraph 172 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 172.

173.    Deny.

174.    Deny.

175.    The allegations in paragraph 175 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or

information to respond to the allegations set forth in paragraph 175 regarding the statements of female colleagues but denies the remaining allegations in paragraph 175.

176.    The allegations in paragraph 176 contain a legal conclusion that does not require a response.  To the extent a response is required, Ms. van der Stelt lacks sufficient knowledge or information to respond to the allegations set forth in Paragraph 176 regarding the harm Counter-Plaintiff alleges but denies the characterization of her actions.

177.    The allegations in paragraph 177 contain a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies allegations set forth in Paragraph 177.

**COUNTERCLAIMS**

**FIRST CAUSE OF ACTION**

**DEFAMATION**

178.    In response to the allegations set forth in paragraph 178 of the Counterclaim, Ms. van der Stelt incorporates her responses to paragraphs 1-177 by reference.

179.    The allegation in paragraph 179 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 179.

180.    The allegation in paragraph 180 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 180.

181.    The allegation in paragraph 181 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 181.

182.     The allegation in paragraph 182 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 182.

183.     The allegation in paragraph 183 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 183.

184.     The allegation in paragraph 184 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 184.

**SECOND CAUSE OF ACTION**

**<u>FALSE LIGHT</u>**

185.     In response to the allegations set forth in paragraph 185 of the Counterclaim, Ms. van der Stelt incorporates her responses to Paragraphs 1-184 by reference.

186.     The allegation in paragraph 186 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 186.

187.     The allegation in paragraph 187 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 187.

188.     The allegation in paragraph 188 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 188.

189.    The allegation in paragraph 189 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 189.

190.    The allegation in paragraph 190 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 190.

191.    The allegation in paragraph 191 is a legal conclusion that does not require a response. To the extent a response is required, Ms. van der Stelt denies the allegations in paragraph 191.

**GENERAL DENIAL**

Any allegations not specifically admitted in this Answer are denied.

**AFFIMATIVE DEFENSES**

In further answer to Counter-Plaintiff's Complaint, Ms. van der Stelt states the following affirmative and other defenses.

**First Affirmative Defense**

All statements and communications by Ms. van der Stelt at issue were true, or substantially true. Thus, Counter-Plaintiff's allegations cannot be the basis for a defamation action or are barred under the substantial truth doctrine.

**Second Affirmative Defense**

All statements and communications by Ms. van der Stelt at issue were based on a reasonable and sincere belief in the truth of the statement and thus cannot be the basis for a defamation action.

**Third Affirmative Defense**

All statements and communications by Ms. van der Stelt at issue reflect her opinions and thus cannot be the basis for a defamation action.

### Fourth Affirmative Defense

Absolute judicial privilege applies to Ms. van der Stelt's statements and communications, as they were made in conjunction with her discrimination complaints, and the subsequent investigation and hearing related to it.

### Fifth Affirmative Defense

Qualified privilege applies to Ms. van der Stelt's statements and communications, as they were made to further fair reporting and common interests.

### Sixth Affirmative Defense

Some or all of Counter-Plaintiff's Allegations are time barred by the statute of limitations.

### Seventh Affirmative Defense

The District of Columbia Human Rights Act Shields Ms. van der Stelt from a defamation claim.

### Eighth Affirmative Defense

As a limited purpose public figure, Counter-Plaintiff is Required to Prove Counter-Defendant van der Stelt Acted with Malice, and Ms. van der Stelt did not act with malice.

### Ninth Affirmative Defense

Counter-Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Tenth Affirmative Defense

Ms. van der Stelt's statements constitute protected activity under the District of Columbia Human Rights Act, Title VII of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972.

### Eleventh Affirmative Defense

Counter-Plaintiff's Complaint constitutes unlawful retaliation under the District of Columbia Human Rights Act, Title VII of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972.

### Twelfth Affirmative Defense

If Ms. van der Stelt's statements are found to be defamatory or false light, which Ms. van der Stelt denies, Counter-Plaintiff is not entitled to any damages because any such damages were caused by factors other than Ms. van der Stelt's conduct.

### Thirteenth Affirmative Defense

Ms. van der Stelt reserves the right to assert additional affirmative and other defenses about which she becomes aware during the course of investigation, discovery and/or at trial and, therefore, reserves the right to amend this Answer and Affirmative Defenses as appropriate.

### JURY DEMAND

Ms. van der Stelt hereby demands a trial by jury

WHEREFORE, Ms. van der Stelt respectfully requests that the Court dismiss Counter-Plaintiff's Complaint in its entirety with prejudice, enter judgment in Ms. van der Stelt's favor, and award Ms. van der Stelt the costs of her defense, including reasonable attorneys' fees, and any other further relief as the Court deems just and proper.

Dated: April 28, 2025                    Respectfully submitted,

                                         /s/ Cori Cohen
                                         Gary M. Gilbert, Esq. (Bar No. MD15808)

Cori M. Cohen, Esq. (Bar No. MD19124)
Elizabeth A. Wilson, Esq. (Bar No. DC 490007)
Gilbert Employment Law, P.C.
8403 Colesville Road, Suite 1000
Silver Spring, MD, 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Gary-efile@gelawyer.com
Ccohen-efile@gelawyer.com
EWilson@gelawyer.com

*Counsel for Plaintiff/Counter-Defendant Candace van der Stelt*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT AND COUNTER-PLAINTIFF PETER TURKELTAUB'S COUNTERCLAIM was served on all parties of record through the Court's CM/CF filing system on April 28, 2025.

<u>/s/ Cori Cohen</u>
Cori Cohen, Esq. (Bar No. MD19124)
Gilbert Employment Law, P.C.
8403 Colesville road, Suite 1000
Silver Spring, MD, 20910
Tel: (301) 608-0880
Fax: (301) 608-0881