UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANDACE VAN DER STELT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23:cv-02212-RDM |
| ) | |
| v. ) | |
| ) | |
| GEORGETOWN UNIVERSITY and ) | |
| PETER TURKELTAUB, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PETER TURKELTAUB, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| CANDACE VAN DER STELT, ) | |
| ) | |
| Counter-Defendant. ) | |

**JOINT RULE 26(f) AND LOCAL RULE 16.3(d) REPORT**

Pursuant to Rule 26(f), Local Rule 16.3(d-c), and the Order for Initial Scheduling Conference, dated May 12, 2025 (ECF No. 43), counsel for the Parties conferred on May 27, 2025 and submit to Chambers the following report of their meeting for the Court's consideration:

**(1) Whether the Case is Likely to Be Disposed of by Dispositive Motion; and Whether, if a Dispositive Motion Has Already Been Filed, the Parties Should Recommend to the Court that Discovery or Other Matters Should Await a Decision on the Motion**

On March 31, 2025, the Court granted in part and denied in part Plaintiff's Motion to Dismiss. At this time, the Parties do not anticipate filing further dispositive motions until after the close of discovery.

Plaintiff anticipates filing a motion for summary judgment after the close of discovery

1

which she believes will fully resolve Defendant/Counter-Plaintiff Turkeltaub's counterclaim. Plaintiff anticipates disputed issues of material fact will exist with respect to the remaining claims, which will require a trial by jury, but reserves the right to file a dispositive motion should it be appropriate based on evidence obtained through the course of discovery.

Defendant Georgetown and Defendant/Counter-Plaintiff Turkeltaub currently anticipate filing a Motion for Summary Judgment should it be appropriate based on the evidence obtained through the course of discovery.

**(2) The Date by Which Any Other Parties Shall Be Joined or the Pleadings Amended, and Whether Some or All the Factual and Legal Issues Can Be Agreed Upon or Narrowed**

The Parties do not intend to request joinder or amendment of pleadings but reserve the right to do so if information that would warrant such a request becomes available through discovery. Plaintiff further reserves the right to amend the pleadings should future retaliatory or unlawful action be taken against her by Defendants.

**(3) Whether the Case Should Be Assigned to a Magistrate Judge for All Purposes, Including Trial**

At this time, there is no agreement to refer this matter to a magistrate judge for all purposes, including trial.

**(4) Whether There Is a Realistic Possibility of Settling the Case**

The Parties are engaging in informal settlement discussions and will request the appointment of a settlement judge if it appears it would be productive to do so.

**(5) Whether the Case Could Benefit From the Court's Alternative Dispute Resolution (ADR) Procedures (or Some Other Form of ADR); What Related Steps Should Be Taken to Facilitate Such ADR; and Whether Counsel Have Discussed ADR and Their Response to This Provision With Their Clients**

At this time, the Parties have not agreed to participate in the Court's Alternative Dispute Resolution Procedure ("ADR").  Plaintiff is amenable to participating in ADR if doing so would

be productive and a good use of the Parties' and the Court's resources. Defendants do not believe it would be productive to participate in ADR at this time.

**(6) Whether the Case Can Be Resolved by Summary Judgment or Motion to Dismiss; Dates for Filing Dispositive Motions and/or Cross-Motions, Oppositions, and Replies, and Proposed Dates for a Decision on the Motions**

Plaintiff believes that the Counterclaim can be resolved on summary judgment and anticipates filing a motion for summary judgment following discovery. Plaintiff does not believe the remaining issues can be resolved by dispositive motions but reserves the right to file a Motion for Summary Judgment should it be appropriate based on the evidence obtained through the course of discovery.

Defendant Georgetown and Defendant/Counter-Plaintiff Turkeltaub currently anticipate filing a Motion for Summary Judgment should it be appropriate based on the evidence obtained through the course of discovery.

The Parties propose that dispositive motions be filed no later than 60 days after the close of fact discovery, that oppositions to any dispositive motion be due 30 days after receipt of the motion, and that reply briefs be filed, if at all, 15 days after service of the opposition.

**(7) Whether the Parties Should Stipulate to Dispense with the Initial Disclosures Required by Fed. R. Civ. P. 26(a)(1), and if Not, What if Any Changes Should be Made in the Scope, Form, or Timing of Those Disclosures**

The Parties do not agree to dispense with initial disclosures required by Fed. R. Civ. P. 26(a)(1). The Parties propose initial disclosures be exchanged by July 17, 2025.

**(8) The Anticipated Extent of Discovery, How Long Discovery Should Take, What Limits Should Be Placed on Discovery; Whether a Protective Order is Appropriate; and a Date for the Completion of All Discovery, Including Answers to Interrogatories, Document Production, Requests for Admissions, and Depositions**

The Parties expect that discovery will be extensive in light of the nature of the claims in both the Complaint and Counterclaims, the number of witnesses who possess relevant information, and the extensive records expected to be at issue. As a result, the Parties believe that they will require at least six months to complete fact discovery. The Parties propose the following discovery schedule:

A. Fact discovery shall be completed on or before: **Monday, December 15, 2025**.

B. Expert reports (non-damages), if any, shall be served on or before: **Wednesday, October 15, 2025**.

C. Responsive reports (non-damages), if any, shall be served on or before: **Friday, November 14, 2025**.

Given the complexity of the damages claimed by both Plaintiff and Counter-Plaintiff, respectively, the Parties believe multiple experts may be required regarding damages issues. Accordingly, as discussed below, the Parties propose expert discovery related to damages be bifurcated following a decision on summary judgment.

The Parties believe that a Protective Order will need to be issued in order to protect confidentiality and privacy of third parties, including other students, and Plaintiff and Counter-Plaintiff's confidential medical information. The Parties intend to confer and jointly submit a proposed Protective Order.

**(9) Any Issues about Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced**

The Parties expect discovery will include ESI, including emails and text messages. The Parties will confer about the most effective format in which to produce the ESI as discovery progresses.

**(10) Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert These Claims After Production—Whether to Ask the Court to Include their Agreement in an Order under Federal Rule of Evidence 502.**

The Parties anticipate that claims of privilege may arise but expect to confer about these issues in the ordinary course of discovery, including by providing an appropriate privilege log and through the meet and confer process. The Parties do not believe any related order is required at this time.

**(11) Whether the Requirement of Exchange of Expert Witness Reports and Information Pursuant to Fed. R. Civ. P. 26(a)(2), Should Be Modified, and Whether and When Depositions of Experts Should Occur**

The Parties believe that expert witnesses may be necessary and that experts related to liability be disclosed during the initial fact discovery phase. However, given that multiple damages experts may be required, in an effort to ensure the Parties are not expending unnecessary time and resources on experts if any claims are resolved at summary judgment, the Parties propose bifurcating these deadlines until after a decision on summary judgment is issued. Accordingly, the Parties proposes the deadline to disclose damages related experts be 30 days after the issuance of a summary judgment decision, responsive reports be due 30 days following the expert disclosure, and all depositions completed 90 days after the issuance of a summary judgment decision.

**(12) In Class Actions, the Appropriate Procedures for Dealing with Rule 23, Fed. R. Civ. P. Proceedings, Including the Need for Discovery and the Timing Thereof, Dates for Filing a Rule 23 Motion, and Opposition and Reply, and for Oral Argument and/or an Evidentiary Hearing on the Motion and a Proposed Date for Decision**

This matter does not involve class actions.

**(13) Whether the Trial and/or Discovery Should Be Bifurcated or Managed in Phases, and a Specific Proposal for Such Bifurcation**

With the exception of expert discovery related to damages as discussed above, the Parties do not see a need to bifurcate trial and/or discovery, or manage them in phases. Bifurcating the trial would unnecessarily duplicate the Parties' costs and not be an efficient use of judicial resources.

**(14) The Date for the Pretrial Conference (Understanding That a Trial Will Take Place 30 to 60 Days Thereafter)**

The Parties propose that a pretrial conference date be scheduled approximately 120 days after a decision is issued on any motions for summary judgment that are filed or 30 days after the deadline to complete expert discovery related to damages.

**(15) Whether the Court Should Set a Firm Trial Date at the First Scheduling Conference or Should Provide That a Trial Date Will Be Set at the Pretrial Conference from 30 to 60 Days After That Conference**

Given the expected length of the discovery process, and the extensive anticipated summary judgment briefings, the Parties propose that a firm trial date be set at the prehearing conference.

**(16) Such Other Matters That the Parties Believe May Be Appropriate for Inclusion in a Scheduling Order**

There are no such other matters that the Parties wish to raise that this time.

Accordingly, for the foregoing reasons, the Parties jointly propose the following case management schedule:

A. Rule 26(a)(1) initial disclosures will be exchanged by: **Thursday, July 17, 2025**.

B. Fact discovery shall be completed on or before: **Monday, December 15, 2025**.

C. Expert Disclosures (non-damages), if any, shall be served on or before: **Wednesday, October 15, 2025**.

D. Responsive reports (non-damages), if any, shall be served on or before: **Friday, November 14, 2025**.

E. Deadline to file motions for summary judgment: **Friday, February 13, 2026**.

F. Deadline to file oppositions to motions for summary judgment: **30 days after receipt of the motion for summary judgment**

G. Deadline to file reply to oppositions to motions for summary judgment: **15 days after receipt of oppositions to motion for summary judgment.**

H. Expert disclosures (damages), if any, shall be served on or before: **30 days after a ruling on summary judgment.**

I. Responsive reports (damages), if any, shall be served on or before: **60 days after a ruling on summary judgment.**

J. Expert discovery (damages) shall be completed on or before: **90 days after a ruling on summary judgment.**

K. Pre-trial conference to be scheduled 120 days after a ruling on summary judgment.

Dated: June 10, 2025

Respectfully submitted,

*/s /Cori Cohen*
Cori Morgan Cohen
GILBERT EMPLOYMENT LAW, P.C
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
(301) 608-0880 - Telephone
ccohen-efile@gelawyer.com

Gary M. Gilbert
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
(301) 608-0880 - Telephone
gary-efile@gelawyer.com

Elizabeth Wilson
8403 Colesville Rd., Suite 1000
Silver Spring, MD 20910
202-500-2782- Telephone
ewilson@gelawyer.com
*Attorneys for Plaintiff*
*Candace Van Der Stelt*

*/s/ Henry A. Platt*
Henry A. Platt (D.C. Bar No. 425994)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington DC 20006
(202) 342-3447- Telephone
henry.platt@saul.com
*Attorneys for Defendant*
*Georgetown University*

*/s/ Ann Olivarius*
Ann M. Olivarius (D.C. Bar No. 429231)
MCALLISTER OLIVARIUS
641 Lexington Avenue, Suite 13th Floor
New York, NY 10022
212-433-3456 - Telephone
aolivarius@mcolaw.com
*Attorney for Defendant/ Counter-Plaintiff Peter Turkeltaub*